# United States Court of Appeals for the Federal Circuit

04-7107

EUSEBIA ARBAS,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

<u>Eusebia R. Arbas</u>, of Leyte, Philippines, pro se.

<u>Gregory T. Jaeger</u>, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief was <u>Peter D. Keisler</u>, Assistant Attorney General, and <u>David M. Cohen</u>, Director. Of counsel was <u>Franklin E. White, Jr.</u>, Assistant Director.

Appealed from: United States Court of Appeals for Veterans Claims

Judge William P. Greene, Jr.

# United States Court of Appeals for the Federal Circuit

04-7107

EUSEBIA ARBAS,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:  April 13, 2005

_____

Before NEWMAN, MAYER, and CLEVENGER, <u>Circuit Judges</u>.

MAYER, <u>Circuit Judge</u>.

Eusebia R. Arbas ("Arbas") appeals the judgment of the United States Court of Appeals for Veterans Claims, which dismissed her appeal because she failed to file her Notice of Appeal ("NOA") within 120 days of the decision of the Board of Veterans' Appeals ("board").  <u>Arbas v. Principi</u>, No. 03-1061 (Vet. App. Jan. 6, 2004).  We reverse and remand.

## Background

Sixto Arbas, the late husband of appellant, was a recognized member of the guerilla forces in the Philippines during World War II.  He died in 1995 due to shock and hemorrhage caused by the rupture of his cerebral artery.  Subsequent to her husband's death, Arbas sought accrued survivor benefits as well as dependency and indemnity

compensation ("DIC"). The Regional Office in Manila, Philippines ("RO"), rejected her request. Arbas appealed the RO's decision to the board, which found that: (1) Arbas was not entitled to accrued benefits because no claim was pending at the time of the veteran's death, see Zevlkink v. Brown, 102 F.3d 1236, 1242 (Fed. Cir. 1996); and (2) Arbas was not entitled to DIC because her husband's death was not service connected pursuant to 38 U.S.C. § 1110. The board's decision issued on August 23, 2002. In May 2003, Arbas filed her NOA seeking review by the Veterans Court.

The Secretary of Veterans Affairs moved to dismiss Arbas' appeal to the Veterans Court as untimely. He argued that Arbas had filed her NOA more than 120 days after the board's decision issued and, therefore, the Veterans Court lacked jurisdiction pursuant to 38 U.S.C. § 7266(a).[1] When asked to justify her failure to file within the time for appeal, Arbas answered that she had been incapacitated due to illness. Specifically, she stated that she was "definitely ill of heart disorder that unable to response on time of the Notice of Appeal." The Veterans Court dismissed Arbas' appeal because, as a matter of law, "ill health has not been adopted as a basis for extending the 120-day statutory appeal period."

On appeal, Arbas makes the same argument as below, namely that her heart condition prevented her from timely filing the NOA. In response, the Secretary concedes that "Arbas may have a colorable argument that her condition prevented her from timely filing her NOA." Nevertheless, the Secretary argues that the Veterans Court

---

[1] Section 7266(a) states that, "In order to obtain review by the Court of Appeals for Veterans Claims of a final decision of the Board of Veterans' Appeals, a person adversely affected by such decision shall file a notice of appeal with the Court within 120 days after the date on which notice of the decision is mailed pursuant to section 7104(e) of this title."

should be affirmed because Arbas did not provide sufficient evidence that her heart condition caused her to miss the filing deadline.

## Discussion

We exercise jurisdiction pursuant to 38 U.S.C. § 7292(a).  We review the Veterans Court's legal determination that physical illness can never justify equitable tolling de novo.  See Collaro v. West, 136 F.3d 1304, 1307 (Fed. Cir. 1998).

As an initial matter, we have definitively decided that section 7266(a) is subject to equitable tolling.  Bailey v. West, 160 F.3d 1360 (Fed. Cir. 1998).  We have also established that mental illness can justify the equitable tolling of section 7266(a) under some circumstances.  Barrett v. Principi, 363 F.3d 1316 (Fed. Cir. 2004).[2]  Thus, we are presented with a narrow issue:  may physical, as opposed to mental, illness justify the tolling of section 7266(a).  For the reasons stated below, we find that it may.

In Barrett, we determined that "equitable tolling is available in a variety of circumstances."  363 F.3d at 1318.  One circumstance that qualifies for tolling is when a veteran's "mental illness [ ] rendered him incapable of 'rational thought or deliberate decision making,' or 'incapable of handling [his] own affairs or unable to function [in] society.'"  Id. at 1321 (citations omitted).  We elaborated further on this theme in Mapu v. Nicholson, 397 F.3d 1375, 1380 (Fed. Cir. 2005), which "reject[ed] the suggestion that equitable tolling is limited to a small and closed set of factual patterns and that equitable tolling is precluded if a veteran's case does not fall within those patterns."  Thus, we are not limited by the two scenarios presented in Irwin v. Department of

---

[2]    The Veterans Court did not have the benefit of Barrett, which was released after its judgment in this case.

<u>Veterans Affairs</u>, 498 U.S. 89 (1990), or those found in our prior cases. <u>Mapu</u>, 397 F.3d at 1380.

Our precedent requires little extrapolation to conclude that equitable tolling based on physical illness is appropriate. For if mental illness can justify tolling, we see no reason why a physical illness may not as well. There are a myriad of physical illnesses or conditions that impair cognitive function or the ability to communicate. Solely by way of example, while a stroke victim does not suffer from a mental illness, it would be manifestly unjust to refuse tolling if the stroke were sufficiently incapacitating. The same could be true of one who has suffered severe head trauma or a heart attack. In other cases, one may retain full consciousness but still be unable to speak or communicate effectively, as may be the case for those in extreme pain or who have been immobilized. These examples are not intended as an exhaustive list of conditions that warrant tolling. The Veterans Court must focus on whether the particular infirmity of the veteran prevented him from engaging in "rational thought or deliberate decision making" or rendered him "incapable of handling [his] own affairs or unable to function [in] society." <u>Barrett</u>, 363 F.3d at 1321 (citations omitted). The source of such an infirmity is irrelevant.

The Second and Seventh Circuits have reached the same conclusion. In <u>Brown v. Parkchester South Condominiums</u>, 287 F.3d 58 (2d Cir. 2002), the plaintiff failed to attach a copy of the complaint to the summons and the district court dismissed the suit as time barred. On appeal, the court held that "equitable tolling may be appropriate where the plaintiff's failure to comply with the statute of limitations is attributable to the plaintiff's medical condition." <u>Id.</u> at 60. Based on the plaintiff's assertion that he had

suffered three strokes that impaired his ability to properly pursue his legal rights, the case was remanded for an evidentiary hearing to determine whether tolling was warranted. Id. at 61; see also Zerilli-Edelglass v. New York City Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003) (allowing equitable tolling "where a plaintiff's medical condition or mental impairment prevented her from proceeding in a timely fashion").

In Clark v. Runyon, 116 F.3d 275, 277 (7th Cir. 1997), the plaintiff sought to excuse her late filing by arguing that her problematic pregnancy prevented her from exercising reasonable diligence. Although the court was willing to consider whether the plaintiff's predicament precluded her from timely filing, it ultimately refused the plaintiff's request because she was incapacitated during only part of the filing period and because she had successfully obtained unemployment compensation during the same period. Id. at 278.

In addition, several district courts have tolled statutes of limitations based on physical illness. For example, in both Eber v. Harris County Hospital District, 130 F. Supp. 2d 847, 867 (S.D. Tex. 2001), and Dundon v. United States, 559 F. Supp. 469, 475 (E.D.N.Y. 1983), the court tolled the statute of limitations while the plaintiff was in a coma. Similarly, in Smith v. Shared Medical Systems, No. Civ.A. 02-8372, 2004 WL 1656635, *8 (E.D. Pa. July 23, 2004), the limitations period was tolled during the period of time that the plaintiff was incapacitated due to a stroke. Other courts, while ultimately not tolling the statute, have also considered whether certain medical conditions warrant tolling. See, e.g., McKinley v. Thornton, No. 99 C 6127, 2001 WL 630707, at *2 (N.D. Ill. May 31, 2001) ("[Equitable tolling] may apply when a plaintiff experiences a physical disability, but is only available under limited circumstances."); Chaney v. City of

04-7107                                    5

<u>Chicago</u>, No. 95 C 1979, 1996 WL 718519, at *4 (N.D. Ill. Dec. 12, 1996) (assessing whether plaintiff's chronic fatigue syndrome merited equitable tolling); <u>Montgomery v. Frank</u>, 796 F. Supp. 1062, 1067 (E.D. Mich. 1992) (assessing whether the plaintiff's medical condition prevented her from contacting her Equal Employment Opportunity counselor).

The government acknowledges the potential applicability of equitable tolling to Arbas' case. It argues, nevertheless, that remand is unnecessary because she offered insufficient proof to the Veterans Court to substantiate her assertion that she was incapacitated during the 120-day period. Under 38 U.S.C. § 7292(d)(2) we are precluded from reviewing factual determinations or from deciding fact questions in the first instance. <u>Bailey v. West</u>, 160 F.3d 1360, 1362 (Fed. Cir. 1998) ("Our review is limited to questions of law."). Therefore, on remand the Veterans Court will assess whether Arbas' heart condition prevented her from timely filing her NOA.

## Conclusion

Accordingly, the judgment of the United States Court of Appeals for Veterans Claims is reversed and the case is remanded for further proceedings consistent with this opinion.

## COSTS

Eusebia R. Arbas shall have her costs.

## REVERSED AND REMANDED