

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-20-2008

# Berry v. Klem

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1161

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Berry v. Klem" (2008). *2008 Decisions.* Paper 998.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/998

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1161
_____

CHRISTOPHER BERRY,

Appellant

v.

EDWARD KLEM, Superintendent at SCI Mahanoy;
JOHN DOE, Head Correctional Officer of Security
at SCI Mahanoy; JOHN DOE, Major of the Guards at SCI Mahanoy;
JOHN DOE; JOHN DOE, Activities Staff at SCI Mahanoy;
MR. CONNELLY, Food Service Instructor at SCI Mahanoy

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 05-cv-01997)
District Judge:  Honorable John E. Jones, III

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 26, 2007

Before:  MCKEE, SMITH AND CHAGARES, CIRCUIT JUDGES.

(Opinion filed: June 20, 2008)

_____

OPINION

_____

PER CURIAM

Christopher Berry filed a complaint pursuant to 42 U.S.C. § 1983 and under state law, suing SCI-Mahoney Superintendent Edward Klem, the prison food-service instructor, Mr. Connelly, and four other prison employees (identified in the complaint only by their positions at the prison but since named). Berry claimed that on October 23, 2007, an inmate attacked him from behind when he stepped on a scale after a weightlifting session in the activities department. He believes that the inmate attacked him because Mr. Connelly called him a snitch in front of other inmates. In the attack, Berry lost consciousness when he was hit with a weight. Berry was then "kicked, stomped, and beaten repeatedly" while activities personnel looked on without intervening. Supp. App. 6 (Complaint 3, ¶ 12). Berry received medical attention for his injuries and was placed in the Restrictive Housing Unit ("RHU") for protective custody and investigative purposes after the attack. As a result of the attack and purportedly inadequate medical care, Berry suffers from headaches, sight problems, post traumatic stress disorder, paranoia, and mental anguish. In his complaint, Berry noted that he filed a grievance, but "only . . . when harassment by Mr. Connelly persisted and Plaintiff believed he had no other option." Supp. App. 7 (Complaint 4, ¶ 16). Previously, he had "truly believed that filing [sic] grievance would only put his life in further jeopardy." Id.

Defendants filed a motion to dismiss Berry's complaint, arguing that Berry's claims were procedurally defaulted because he failed to properly exhaust his

administrative remedies pursuant to the Department of Corrections Policy Directive 804

("DC-ADM 804").  Specifically, Defendants claimed that Berry's claims were barred

because 1) he submitted his grievance more than 15 working days from the event upon

which it was based; 2) he did not name in his grievance the individuals he sues; and 3) he

did not complete the appeal process because he did not submit all of the required

supporting documentation with his appeal (despite being invited to do so on February 5,

2004, after filing his appeal).  In support of their motion, Defendants included

declarations from the prison grievance coordinator and the assistant chief grievance

coordinator in the Secretary's Office of Inmate Grievances and Appeals of the

Pennsylvania Department of Corrections.  Defendants also attached copies of Berry's

grievance and appeals and the prison responses thereto.

In Berry's response to Defendants' motion, he argued that initially, after the attack,

it was "virtually impossible" for him to file a grievance because of his injuries (a

concussion, tremendous headaches, and blurred vision).  He also claimed that he believed

that filing a grievance would put his life in jeopardy because the violent attack in the

activities room followed his being labeled a snitch after filing an informal grievance.

Berry also contended that he sent the documents in support of his appeal (by depositing

them in the Institutional Mail Box at the prison on February 12, 2004) in response to the

request for them.

In reply, assuming that Berry submitted the documentation to support his appeal, Defendants maintained that Berry's claims were procedurally defaulted because Berry did not name Defendants during the administrative process. Defendants also asked the District Court to reject Berry's argument that he should be excused from the 15-day filing requirement. Defendants took issue with Berry's incapacity claim, arguing that it is undermined by a statement in Berry's brief, that he filed his grievance when he "finally had the time, opportunity & resolve," Response to Motion to Dismiss 2, to do so. Also, Defendants noted that other documents in the record belied his claim. Specifically, Defendants included a grievance and a letter in which Berry referred to a November 25, 2003 informal complaint filed after the grievance period had expired but before Berry filed his grievance on December 17, 2003. Motion to Dismiss Ex. A1, B2. Also, Defendants complained that Berry did not back up his claim with details about his condition or medical documentation.

In his sur-reply, Berry contended that prison officials would not give him his medical records although his injuries were well-documented. He also noted his final appeal has not been dismissed; the Office of Inmate Appeals and Grievances has simply taken no action on it.

The District Court considered the documents submitted by Defendants and came to the following conclusions. Berry filed a grievance relating to the October assault on December 17, 2003, including claims of an improper response to the assault and

4

inadequate staffing and supervision but not noting any name-calling by Defendant Connelly. The prison grievance coordinator rejected the grievance as untimely filed. Berry's appeal to Defendant Klem was rejected. Berry filed an appeal to the Office of Inmate Appeals and Grievances but did not include supporting documentation. The Office permitted Berry to submit the documents within 10 days but he never did so.

The District Court found that Berry offered no compelling explanation of the delay in filing his grievance, determining that there was no indication that any injuries or interference by correctional officials prevented timely filing and that Berry's explanation of no time, resolve, or opportunity was too vague to excuse compliance. Assuming that Berry filed the documents to support his final administrative appeal, the District Court determined that Berry's claims were procedurally defaulted in two other ways: 1) by the failure to timely file the initial grievance and 2) by the failure to name Defendants during the administrative process. The District Court concluded that "based on the record," Defendants met their burden under <u>Williams v. Runyon</u>, 130 F.3d 568, 573 (3d Cir. 1997) (reviewing a ruling as if it were a ruling on a motion for summary judgment), and granted Defendants' motion to dismiss.

Berry filed a motion for reconsideration (entitled "petition for rehearing <u>en</u> <u>banc</u> in response to dismissal of civil action"), essentially repeating his arguments and underscoring the physical and psychological trauma he suffered as result of the attack. He also noted that he feared filing a grievance because Defendant Connelly threatened

him.  Defendants opposed the motion, and the District Court denied it.  Berry appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  Our review is plenary.  See Abramson v. William Paterson College, 260 F.3d 265, 276 (3d Cir. 2001); Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).  Upon consideration of the arguments of the parties, we will vacate the District Court's judgment.

The District Court erred in converting Defendants' motion to dismiss into a motion for summary judgment.  To decide a motion to dismiss, a court generally should consider "only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim."  Lum v. Bank of America, 361 F.3d 217, 222 (3d Cir. 2004).  If a court considers other matters, a motion to dismiss should be converted to a motion for summary judgment.  See Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1197 (3d Cir. 2003).  Reliance on declarations from prison officials or Corrections Department administrators requires conversion.  See Camp v. Brennan, 219 F.3d 279, 280 (3d Cir. 2000).  If a motion to dismiss or a motion for judgment on the pleadings is converted into a summary judgment motion, the court must provide notice and an opportunity to oppose the motion.  See Hancock Industries v. Schaeffer, 811 F.2d 225, 229 (3d Cir. 1987).  However, the failure to give notice is harmless error if there is no set of facts on which a party may recover.  See id.

In addition to Berry's complaint, the District Court explicitly considered "the record":  copies of Berry's grievances and appeals, the Department of Corrections'

6

responses to them, and declarations from grievance coordinators. Even if the grievances, appeals, and responses are indisputably authentic, especially insomuch as Defendants and Berry rely on some of the same documents from the prison administrative process, cf. Spruill v. Gillis, 372 F.3d 218, 223 (3d Cir. 2004), the declarations are evidentiary materials that cannot be considered on a motion to dismiss. See Camp, 219 F.3d at 280.

On the present record, we can not say with certainty that the District Court's error was harmless. First, Berry's claim may be unexhausted because a further avenue of relief may be available in the inmate grievance process. See Spruill, 372 F.3d at 232. It is unclear if the Office of Inmate Grievances and Appeals of the Pennsylvania Department of Corrections has dismissed or ruled on Barry's appeal. The last correspondence to Berry in the administrative process is the letter from that office requesting supporting documentation. In that letter, Berry was warned that his appeal would be dismissed if he did not submit the required documents. Berry claimed that he submitted the documents within the ten days allotted. No party presented evidence of further action on the appeal.[1] However, the parties treat the administrative process as completed in that Berry seeks relief in the federal courts and Defendants argue procedural default. On the present record, whether Berry is still able to win a favorable outcome in his administrative appeal is unclear.

---

[1] On appeal, Defendants rely on the District Court's opinion for the conclusion that no final decision was made on Berry's administrative appeal. Appellees' Brief 8.

Alternatively, Berry may face an insurmountable procedural bar because proper exhaustion of administrative remedies is necessary under the Prison Litigation Reform Act. See Woodford v. Ngo, 126 S. Ct. 2378, 2382 (2006). A state may set procedural requirements and a prisoner must comply with them in order to properly exhaust a claim. See id. (passim). Pennsylvania, through DC-ADM 804, requires grievances to be filed within 15 working days of the event that forms the basis of the grievance. We have interpreted DC-ADM 804 to require the identification of those persons involved in the event if practicable. See Spruill, 372 F.3d at 234 (holding that an inmate procedurally defaulted a claim against a defendant by failing to identify him in a grievance where the inmate offered no explanation for the failure). Berry concedes that he late-filed his initial grievance. In his grievances and appeals, he did not identify any of the defendants by name, although he referred to specific unnamed staff members.[2]

Nonetheless, the requirement to properly exhaust extends only to those administrative remedies available. Citing Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002) for the proposition that the availability of administrative remedies to a prisoner is a question of law, we made clear in Brown v. Croak that the PLRA requires exhaustion of all available remedies, not all remedies. See 312 F.3d 109, 111 (3d Cir. 2002); see also

---

[2]Defendants note that Berry did not assert that he did not name Connelly out of fear until he filed his motion for reconsideration. However, in his complaint, he did allege more generally that he "truly believed that filing [sic] grievance would only put his life in further jeopardy." Supp. App. 7 (Complaint 4, ¶ 16).

Giano v. Goord, 380 F.3d 670, 678-79 (2d Cir. 2004); Hemphill v. New York, 380 F.3d 680, 690 (2d Cir. 2004); Johnson v. Testman, 380 F.3d 691, 697 (2d Cir. 2004).

Berry raised arguments that put the availability of the administrative process for him at issue. He contended that the severity of his injuries prevented him from timely filing his initial grievance.[3] While it is unclear whether he could prevail on an availability argument because of that claim, but cf. Arbas v. Nicholson, 403 F.3d 1379, 1381 (Fed. Cir. 2005), the District Court was willing to consider this argument but concluded it was not properly supported. Given that Berry was not on notice that he needed documentation to oppose a motion for summary judgment, the District Court's determination that Berry did not provide sufficient evidence was improper. Berry also argued that the administrative grievance process was not available to him because he feared serious harm for filing a grievance. While that claim may not ultimately prevail, his allegations put in question the availability of the remedy (or even just whether it was practicable to name individuals in his grievance, see Spruill, 372 F.3d at 234).

It seems that a failure by Berry to file the documents in support of his appeal could also bar his claim (and any argument to the contrary appears not to be affected by any claim of unavailability of administrative remedies). However, he protests that he did file

---

[3]The District Court may wish to consider whether this claim is undermined by his filing of the informal complaint in November 2003. However, Berry submitted the complaint after the expiration of the time period for filing a grievance and filed his grievance not long after. Also, an inmate is encouraged to resolve a problem informally before filing a grievance. See Supp. App. (DC-ADM 804, § VI(A)).

9

them. Defendants and the District Court assumed that he did. It cannot be said dismissal at this stage on this aspect of the claim would be proper.

In conclusion, we express no opinion on whether Berry has exhausted his administrative remedies or whether Berry is entitled to any relief. However, we hold that the District Court erred in converting Defendants' motion to dismiss into a motion for summary judgment without providing Berry with appropriate notice and an opportunity to respond. On the present record, for the reasons given, we cannot conclude that the error was harmless. Because of the error, the District Court should have granted reconsideration on Berry's motion. Accordingly, we will vacate the District Court's judgment and remand the matter for further proceedings consistent with this opinion.[4]

---

[4]Also, we deny Berry's motion for admission of documents.