# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 05-0090

David L. Henderson, Appellant,

v.

James B. Peake, M.D.,
Secretary of Veterans Affairs, Appellee.

On Appeal from the Board of Veterans' Appeals

(Argued November 17, 2007          Decided   July 24, 2008  )

*Thomas W. Stoever*, of Denver, Colorado, for the appellant.

*Richard Mayerick*, Deputy Assistant General Counsel, with *Paul J. Hutter*, Acting General Counsel; *R. Randall Campbell*, Assistant General Counsel, all of Washington, D.C., for the appellee.

*William S. Mailander*, *Linda E. Blauhut*, and *Jennifer A. Zajac*, all of Washington, D.C., for amicus curiae Paralyzed Veterans of America.

Before GREENE, *Chief Judge*, and HAGEL and SCHOELEN, *Judges*.

GREENE, *Chief Judge*, filed the opinion of the Court.  SCHOELEN, *Judge*, filed a dissenting opinion.

GREENE, *Chief Judge*:  Before the Court is Mr. Henderson's appeal of an August 30, 2004, decision of the Board of Veterans' Appeals (Board) that denied entitlement to Department of Veterans Affairs (VA) special monthly compensation.  Mr. Henderson's Notice of Appeal (NOA) was received on January 12, 2005, more than 120 days after the Board decision was mailed.  Consequently, he was ordered to show cause why his appeal should not be dismissed as untimely.  Mr. Henderson requested that the time for filing his NOA to the Court be extended because his VA service-connected disability prevented him from timely filing his appeal of the Board decision.  Subsequently, Mr. Henderson was ordered to provide additional information, including medical or

other evidence, to support a basis for equitable tolling as authorized under *Barrett v. Principi*, 363 F.3d 1316 (Fed. Cir. 2004). In response, Mr. Henderson submitted a letter from his private psychiatrist describing the effects of his disability. After considering the evidence submitted, in a single-judge order the Court dismissed the appeal for lack of jurisdiction.

Mr. Henderson sought reconsideration of the dismissal and that request was granted. The matter was submitted to a panel for disposition. During the pendency of the appeal, the United States Supreme Court decided *Bowles v. Russell,* 127 S. Ct. 2360 (2007), which addressed whether filing an NOA is a jurisdictional requirement in Federal appellate courts, and thus, cannot be equitably tolled. In light of that decision, the Court ordered the parties to submit supplemental memoranda of law. Subsequent to those filings, Mr. Henderson submitted a Notice of Supplemental Authority pursuant to Rule 30(b) of the Court's Rules of Practice and Procedure. The Secretary moved to strike Mr. Henderson's Notice of Supplemental Authority on the grounds that it does not comply with Rule 30(b). The Secretary's pending motion to strike portions of Mr. Henderson's Notice of Supplemental Authority will be denied as moot.

Oral argument regarding this matter was held on November 16, 2007. Mr. Henderson argues that *Bowles* does not disturb the precedent established in *Bailey v. West*, in which the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) held that equitable tolling is available for NOAs filed at this Court. *See* 160 F.3d 1360 (Fed. Cir. 1998). The Secretary maintains that *Bowles* has created a bright-line rule that equitable tolling can no longer excuse untimely NOAs in this Court. It is the question rising from these positions that the Court now considers.

In *Bowles*, Mr. Bowles petitioned a U.S. district court to permit him, under rule 4(a)(6) of the Federal Rules of Appellate Procedure, which are statutorily enacted rules, to file an appeal after the time prescribed by statute for such an appeal had expired. Rule 4(a)(6) permits a district judge to extend the time to file an appeal for a period of 14 days from the day the district court grants the motion. *See* 28 U.S.C. § 2107(c). In granting Mr. Bowles's motion, the district court erroneously and inexplicably gave Mr. Bowles 17 days to file his appeal rather than the statutorily prescribed 14 days. Mr. Bowles filed his NOA 16 days later, one day earlier than prescribed by the district court, but two days after the 14-day period provided by statute had expired. The respondent in *Bowles* argued that the United States Court of Appeals for the Sixth Circuit lacked jurisdiction to

hear Mr. Bowles's appeal because it was filed beyond the 14-day period prescribed by statute. The Supreme Court agreed. *Bowles*, 127 S. Ct. at 2363 ("This Court has long held that the taking of an appeal within the prescribed time is 'mandatory and jurisdictional.'" (citations omitted)). After considering and distinguishing several situations that do not qualify as jurisdictional time limits,[1] the Supreme Court held unequivocally: "Today we make clear that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Id.* at 2366. With this mandate, we review the statutes authorizing this Court to conduct its judicial appellate review.

First, just as Congress created appellate courts in each circuit as "a court of record, known as the United States Court of Appeals for the circuit" under Article III of the Constitution, 28 U.S.C. § 43(a), this Court was established under Article I as "a court of record to be known as the United Stated Court of Appeals for Veterans Claims," 38 U.S.C. § 7251. Second, it is well settled that the proceedings of this Court are "civil actions." *See Scarborough,* 541 U.S. at 413 (applying Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), to this Court and specifically referring to underlying action as "*civil action*"); *see also Abbs v. Principi*, 237 F.3d 1342, 1348 (Fed. Cir. 2001) (*civil actions* against VA are brought in Court of Appeals for Veterans Claims). Third, this Court's appellate jurisdiction derives exclusively from statutory grants of authority enacted by Congress and may not be extended beyond that permitted by law. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988). The time to file an appeal in this Court is prescribed by statute, not by a Court rule. *See* 38 U.S.C. § 7266(a). To obtain appellate review in this Court, an NOA must be filed with the Court within 120 days after notice of the Board decision is mailed to an appellant. *Id*. The ultimate burden of establishing jurisdiction rests with the appellant. *See McNutt v. G.M.A.C.*, 298 U.S. 178 (1936); *Bethea v. Derwinski*, 2 Vet.App. 252 (1992).

---

[1] *See, e.g., Arbaugh v. Y & H Corp*., 546 U.S. 500, 505 (2006) (holding that employee numerosity requirement was statutory limitation, not time limit); *Scarborough v. Principi*, 541 U.S. 401, 413 (2004) (finding that court had plenary jurisdiction over matters ancillary to judgment of court, including application for fees under Equal Access to Justice Act); *Kontrick v. Ryan*, 540 U.S. 443, 448 (2004) (holding that failure to comply with Federal Rule of Bankruptcy procedure was not jurisdictional because such rules were not statutory, but were rules issued by court for orderly transaction of its business).

In *Bailey*, 160 F.3d at 1365, the Federal Circuit held that the part of section 7266 governing this Court's review authority was subject to equitable tolling under *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95-96 (1990) (once Congress has waived sovereign immunity, rule of equitable tolling is applicable in same way it would be in private suits). It did so on the basis that section 7266 was more like a statute of limitations in nature than a jurisdictional requirement and that the Supreme Court had not provided a distinction between the two. *Bailey*, 160 F.3d at 1364 ("[*Irwin*] does not distinguish among the various kinds of time limitations that may act as conditions to the waiver of sovereign immunity required to permit a cause of action to be pitched against the United States.").

In *Bowles*, the Supreme Court provided the distinction between statutes of limitation and jurisdictional requirements not found in *Irwin* and held that in civil cases statutory time periods limiting the time for filing an NOA are jurisdictional in the strict sense and are not subject to equitable tolling. *Bowles,* 127 S. Ct. at 2365. The *Bowles* opinion emphasized that its reasoning was based on the statutory origin of the time limitation and thus made clear that time limits expressed in statutes for filing an appeal limit subject-matter jurisdiction. *Id*. Specifically, the Supreme Court held: "[T]he timely filing of [an NOA] in a civil case is a jurisdictional requirement," and courts have "no authority to create equitable exceptions to jurisdictional requirements." *Id*. at 2366.

We recognize the beneficent foundation that, in part, led the Federal Circuit to apply equitable tolling to the 120-day judicial-appeal filing period for NOAs to this Court. *See Bailey*, 160 F.3d at 1365 (appellant's reliance on VA employee's statement that appeal would be processed was sufficient for equitable tolling of judicial-appeal period after VA employee failed to timely file appeal with Court). Later, the Federal Circuit further expanded equitable tolling of the time period established in section 7266(a) to situations including physical and mental illness that prevents a veteran from timely filing an NOA. *See Arbas v. Nicholson*, 403 F.3d 1379 (Fed. Cir. 2005); *Barrett*, 363 F.3d 1316. However, *Bowles* establishes that the premise upon which the Federal Circuit in *Bailey* and its progeny applied *Irwin* to the time period established in section 7266(a) can no longer stand. According to *Bowles*, although a simple "claim-processing rule" may be waived or equitably tolled, 127 S. Ct. at 2364, "'the taking of an appeal in a civil case within the time prescribed by statute is 'mandatory and jurisdictional'," *id*. at 2363 (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 61 (1982) (per curiam)). This Court's appellate review of Board

4

decisions is distinguishable from the type of case considered in *Irwin*, where the petitioner who was seeking equitable tolling had filed against a Federal agency in a U.S. Federal district court, a complaint, not an NOA. *See Irwin*, 498 U.S. at 96 (statutes of limitations in actions against Government are subject to same rebuttable presumption of equitable tolling applicable to suits against private defendants). Congress has specifically authorized this Court to conduct, upon receipt of a statutorily required and timely filed NOA, independent judicial *appellate review* of a Federal agency decision. *See* 38 U.S.C. §§ 7252 (granting Court exclusive jurisdiction to review decisions of Board), 7261 (limiting scope of Court's review), and 7266(a) (review of Board decision initiated by NOA); *Frankel v. Derwinski*, 1 Vet.App. 23, 25 (1990) (examining Court's authority as appellate court); *see also* H.R. Rep. No. 100-963, at 4 (1988) (purpose of creating Veterans Court was to "establish an independent court" to review Board decisions). While *Irwin* applies to the equitable tolling of claims-processing rules, *Bowles* unequivocally provides the rule for the statutory appeal period governing judicial appeals to this Court.[2] *See Bowles*, 127 S. Ct. at 2363.

The same legislation that created this Court also contained provisions for the filing of administrative appeals within the Agency and explicitly permitted relief from prescribed appeal periods within the Agency. *See, e.g.,* 38 U.S.C. § 7105(b), (c) (permitting Secretary to prescribe regulations to allow claim even if appeal period has expired), (d)(3) (stating that 60-day period prescribed for filing "formal appeal" with Board of Veterans' Appeals "may be extended for a reasonable period on request for good cause shown"). Contrasting these provisions with the clear and unqualified time limit prescribed in section 7266(a) for appeals to this Court, we can draw no other conclusion than that, for the civil cases arising from appeals to this Court, there are no

---

[2]Although the Supreme Court has recently stated in *John R. Sand & Gravel v. U.S.* that *Irwin* survives after the *Bowles* decision, it must also be read to bar any extension of *Irwin* to NOAs filed at this Court. *See* 128 S. Ct. 750, 752 (2008) (anomaly created by *Irwin* and other cases merely reflects "a different judicial assumption about the comparative weight Congress would likely have attached to competing national interests"). Following the Supreme Court's guidance in *John R. Sand & Gravel*, the section 7266(a) 120-day period to file an NOA in this Court is properly classified as a jurisdiction conferring statute because it represents a limitation on a governmental waiver of sovereign immunity and is not designed to protect a defendant's "case specific interest in timeliness," as is the case with a claims-processing rule or statute of limitations. *Id.* at 753.

equitable exceptions to the 120-day judicial appeal period established by section 7266(a). *See Bowles*, *supra*.

We also recognize that even after *Bowles*, because an appeal to this Court is the first opportunity for an appellant to have his claim considered by a judicial body that is independent of the executive agency deciding his claim, one might be tempted to analogize the period provided to file such an appeal to a statute of limitations. However, the clarity and forcefulness with which *Bowles* speaks regarding the jurisdictional importance of congressionally imposed periods of appeal, requires us to abandon any such effort. To answer the questions posed by the dissent, as then-Circuit Judge Scalia stated in *National Black Media Coalition v. Federal Communications Commission*, no matter how compelling the circumstances, if a court does not have jurisdiction, it cannot act on a matter. *See* 760 F.2d 1297, 1300 (D.C. Cir. 1985).

Accordingly, Mr. Henderson's untimely NOA must be dismissed for lack of jurisdiction. *See Bowles,* 127 S. Ct. at 2366 ("[W]hen an 'appeal has not been prosecuted in the manner directed, within the time limited by the acts of Congress, it must be dismissed for want of jurisdiction.'" (quoting *U.S. v. Curry*, 47 U.S. 106, 113 (1848))). Additionally, the Secretary's motion to strike portions of Mr. Henderson's Notice of Supplemental Authority is denied as moot.

Upon consideration of the foregoing, Mr. Henderson's appeal of the August 30, 2004, Board decision is DISMISSED.

SCHOELEN, *Judge*, dissenting: Although I commend the majority for its lucid treatment of the issue before the Court, I must write separately because I do not believe the majority's analysis proceeds from the proper foundation. The Supreme Court's decision in *Bowles v. Russell*, 127 S. Ct. 2360 (2007) does not change the basis for the Court's authority to apply equitable tolling to 38 U.S.C. § 7266(a). The Court should apply existing precedent to evaluate whether equitable tolling is warranted in this case to excuse the late filing of the appellant's NOA. In the alternative, the majority should explain why its departure from existing precedent also forecloses equitable tolling on grounds different from those currently in force.

The majority acknowledges that in *Bailey v. West*, 160 F.3d 1360 (Fed. Cir. 1998) (en banc) the Federal Circuit held that section 7266(a) was subject to equitable tolling, but the majority characterizes that holding as being "on the basis that section 7266 was more like a statute of

6

limitations in nature than a jurisdictional requirement and that the Supreme Court had not provided a distinction between the two." *Ante* at 4 (citing 160 F.3d at 1364). The majority goes on to state that "[i]n *Bowles*, the Supreme Court provided the distinction between statutes of limitation and jurisdictional requirements not found in *Irwin* [*v. Department of Veterans Affairs*, 498 U.S. 89 (1990)] and held that in civil cases statutory time periods limiting the time for filing an NOA are jurisdictional in the strict sense and are not subject to equitable tolling." *Ante* at 4 (citing *Bowles*, 127 S. Ct. at 2365). I do not believe that *Bowles* provides any such distinction or adds any clarity to this area of the law, and I believe the majority's analysis overlooks several significant aspects of *Bowles*, *Bailey*, and this Court's place in the adjudication of veterans benefits claims.

Basing its analysis on *Irwin*, the Federal Circuit in *Bailey* concluded that, "absent a contrary congressional expression, the Court [of Appeals for Veterans Claims] would be entitled to toll the statute of limitations found in section 7266." 160 F.3d at 1365. Here, the majority explains that recent Supreme Court precedent has stated that *Irwin* "survives" *Bowles* (*ante* at 5, n.2 (citing *John R. Sand & Gravel v. United States*, 128 S. Ct. 750 (2008))), but the majority then concludes that section 7266(a) "is properly classified as a jurisdiction conferring statute because it represents a limitation on a governmental waiver of sovereign immunity and is not designed to protect a defendant's 'case specific interest in timeliness,' as is the case with a claims processing rule or statute of limitations." *Ante* at 5, n.2 (citing *John R. Sand & Gravel*, 128 S. Ct. at 753). The majority's explanation of *Irwin*'s continued role in equitable tolling jurisprudence does not explain how *Bowles* – or any other case – changes the analysis of the governmental waiver of sovereign immunity that the Federal Circuit undertook in *Bailey*, and reaffirmed in *Jaquay v. Principi*, 304 F.3d 1276 (Fed. Cir. 2002) (en banc) and in *Kirkendall v. Dep't of the Army*, 479 F.3d 830, 842-44 (Fed. Cir. 2007) (en banc), *cert. denied*, 128 S. Ct. 375 (2007).[1] Indeed, in *Bailey*, the Federal Circuit stated that

---

[1]The majority states that *John R. Sand & Gravel* explains that any "anomaly created by *Irwin* and other cases merely reflects 'a different judicial assumption about the comparative weight Congress would likely have attached to competing legitimate interests.'" *Ante* at 5, n.2 (citing *John R. Sand & Gravel*, 128 S. Ct. at 750). *John R. Sand & Gravel* does state that proposition, but it does so in the context of reaffirming *Irwin* and explaining that *Irwin* did not create a conflict with an older line of cases sufficiently grave to justify concluding that the older cases were overruled. *See John R. Sand & Gravel*, 128 S. Ct. at 755 (describing the critical difference between the statute reviewed in *Irwin* and the statute reviewed in *John R. Sand & Gravel*: The statute in *Irwin*, "while similar to

7

"courts have recognized statutes of limitations as *limits to grants of jurisdiction*," 160 F.3d at 1363 (emphasis added), and confirmed that analysis of section 7266 in this regard required the court to "go beyond the placement and nomenclature that Congress chose to express the metes and bounds of the *waiver of immunity*." *Id.* (emphasis added). I believe that language signifies that the *Bailey* decision already explored the jurisdictional nature and scope of the waiver of sovereign immunity of section 7266(a), and this Court should follow that analysis.

The majority instead concludes that *Bowles* supersedes this sovereign immunity analysis because *Bowles* holds that "[t]he timely filing of [an NOA] *in a civil case* is a jurisdictional requirement," *ante* at 4 (emphasis added) (quoting *Bowles*, 127 S. Ct. at 2366), and proceedings at this Court are "civil actions," *ante* at 3. I have two objections to the majority's determinations in this regard.

First, I believe the majority reads *Bowles* without sufficient consideration of the statutory scheme that *Bowles* actually addresses. *Bowles* is about the jurisdiction of the United States Courts of Appeals constituted under Article III of the Constitution. Those courts "shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . except where a direct review may be had in the Supreme Court." 28 U.S.C. § 1291. *Bowles* addresses Rule 4 of the Federal Rules of Appellate Procedure, of which section 4(a) governs appeals in civil cases and section 4(b) governs appeals in criminal cases. *See* FED. R. APP. P. 4. Rule 4, according to *Bowles*, "carries [28 U.S.C.] § 2107 into practice." *Bowles*, 127 S. Ct. at 2363. Section 2107 of title 28, U.S. Code, in turn provides that "no appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals . . . unless notice of appeal is filed, within thirty days after the entry of such judgment, order or decree," 28 U.S.C. § 2107(a), and also provides a mechanism by which a district court may "upon motion . . . extend the time for appeal upon a showing of excusable neglect or good cause . . . for a period of 14 days from the date of entry of the

---

the present statute in language, is unlike the present statute in the key respect that the Court had not previously provided a definitive interpretation"). Thus, the discussion in *John R. Sand & Gravel*, cited by the majority, amounts to a reaffirmation, through *stare decisis*, of *Irwin*, as well as the cases upon which the *John R. Sand & Gravel* holding was based. I therefore conclude that, rather than undermining or narrowing *Irwin* and cases based upon it, *John R. Sand & Gravel* reaffirms *Irwin*'s vitality.

8

order reopening the time for appeal." 28 U.S.C. § 2107(c). Section 2107 makes no mention of criminal proceedings.

This entire construct depends on the prior issuance of a final decision of a U.S. district court. Rule 4 and section 2107 are not implicated until there is a final decision of a district court, according to section 1291. Once the district court's decision is final, should a party wish to appeal, the timing provisions of Rule 4 and section 2107 become relevant, and only then does it matter whether the case is a civil case or a criminal case because that distinction triggers the applicability (or not) of section 2107 and Rule 4(a) – and by extension the applicability of the holding in *Bowles*. Thus, *Bowles* governs the jurisdiction of an Article III appellate court reviewing a final decision of a district court in a civil, rather than criminal, case.

Furthermore, *Bailey* already includes analysis enabling this Court to distinguish the holding of *Bowles* from our jurisprudence: The Federal Circuit stated that Federal Rules of Appellate Procedure 4 and 26(b), as well as 28 U.S.C. § 2107, "govern appeals from Article III district courts and are inapplicable to the Court of [Appeals for Veterans Claims], an Article I court." *See Bailey*, 160 F.3d at 1367. This Court is not a district court or court of appeals constituted under Article III, nor is the Board of Veterans' Appeals – the adjudicative body whose decisions this Court reviews – an Article III district court. *See* 38 U.S.C. § 7252(a) Although I agree with the majority's characterization of the proceedings in this Court as "civil," I do not believe that use of the term "civil case" in *Bowles* equates this Court's proceedings to those proceedings at issue in *Bowles* because *Bowles* deals with the Article III courts' appellate mechanism in civil cases, which differs from the mechanism by which cases are brought to this Court. As a consequence, I do not believe the Supreme Court's use of the term "notice of appeal" in *Bowles* is interchangeable with the use of the term in 38 U.S.C. § 7266(a), and I remain unconvinced that *Bowles* compels the result reached today. *See Jaquay*, 304 F.3d at 1286 ("[T]he filing of a notice of appeal at the Veterans Court, like the filing of a complaint in a trial court, is the first action taken by a veteran in a court of law."); *see also* 38 U.S.C. § 7292(a) (stating that review of this Court's decisions by the Federal Circuit "shall be obtained by filing a notice of appeal with the Court of Appeals for Veterans Claims within the time

9

and in the manner prescribed for appeals to United States courts of appeals from United States district courts").[2]

My second objection to the majority's approach is that, once the majority concludes that *Bowles* has superseded *Bailey* and, by extension, *Irwin*, it fails to account for the possibility that other grounds may exist to support equitable tolling of section 7266(a)'s deadline. In *Bailey*, the Federal Circuit noted that, since the introduction of judicial review of VA benefits determinations wrought by the Veteran's Judicial Review Act, Pub.L. No. 100-687, 102 Stat. 4105 (1988), "it appears the system has changed from 'a nonadversarial, *ex parte*, paternalistic system for adjudicating veterans' claims,' to one in which veterans . . . must satisfy formal legal requirements, often without the benefit of legal counsel, before they are entitled to administrative and judicial review." *Bailey*, 160 F.3d at 1365 (quoting *Collaro v. West*, 136 F.3d 1304, 1309-10 (Fed. Cir. 1998)). Also, concurring in *Bailey*, Judge Michel explained that the Court of Appeals for Veterans Claims "operates in a unique, paternalistic administrative environment," *Bailey*, 160 F.3d at 1368 (Michel, J., concurring), and that the *Bailey* decision itself "should be understood as derived from this uniquely benevolent statutory framework," *id.* at 1369. He summarized his views by stating that

> [t]he Board of Veterans' Appeals, of course, is not a trial court and the Court of [Appeals for Veterans Claims], while surely an appellate court, is an Article I court set in a sui generis adjudicative scheme for awarding benefit entitlements to a special class of citizens, those who risked harm to serve and defend their country. This entire scheme is imbued with special beneficence from a grateful sovereign. On this basis alone, I would allow tolling by the Court of [Appeals for Veterans Claims].

*Id.* at 1370.

The majority alludes to such statements by "recogniz[ing] the beneficent foundation that, in part, led the Federal Circuit to apply equitable tolling," *ante* at 4, but finds it insufficient as a basis to reject the *Bowles* construction of "the jurisdictional importance of congressionally imposed periods of appeal," *ante* at 6. As I explained above, an appeal in the Article III courts is

---

[2] Indeed, if anything, *Bowles* supports the Federal Circuit's practice of refusing to allow equitable tolling for appeals from this Court to the Federal Circuit, as the statute governing those appeals dictates that they be undertaken "within the time and in the manner prescribed for appeals to United States courts of appeals from United States district courts." 38 U.S.C. § 7292(a); *see also Oja v. Dep't of the Army*, 405 F.3d 1349, 1358 (Fed. Cir. 2005).

fundamentally different from an appeal to this Court. I suggest that this Court should confront that difference, and should account for the fact that it is "set in a sui generis adjudicative scheme," *id.*, and that, in order to obtain review in this Court, a claimant must "satisfy formal legal requirements, often [and, as in this case when Mr. Henderson filed his NOA,] without the benefit of legal counsel." *Bailey*, 160 F.3d at 1365. In creating this Court to provide judicial review of final decisions of the Board of Veterans' Appeals, did Congress truly intend for this Court's jurisdiction to be limited by a temporal restriction in the face of extraordinary circumstances, in the same way that the Article III courts of appeals' jurisdiction is limited?

The Supreme Court has held that interpretive doubt in veterans benefits statutes should be resolved in the veteran's favor. *See Brown v. Gardner*, 513 U.S. 115, 117-18 (1994); *King v. St. Vincent's Hosp.*, 502 U.S. 215 (1991); *see also Kirkendall*, 479 F.3d at 843 ("Even if this were a close case . . . the canon that veterans' benefits statutes should be construed in the veteran's favor would compel us to find that [the statute in question] is subject to equitable tolling."). For the reasons described above, I have doubts that Congress intended this Court's review to be circumscribed in the way the Court today concludes it must be. When there is doubt, should we not construe the statute in the veteran's favor?