NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-3910

_____

MIGUEL ALICIA,
                    Appellant

v.

JOHN KARESTES;
THE DISTRICT ATTORNEY OF THE COUNTY OF PHILADELPHIA;
THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Civil Action No. 07-cv-3183
(Honorable Eduardo C. Robreno)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 19, 2010
Before: SCIRICA, AMBRO and ALARCÓN[*], *Circuit Judges*.

(Filed: August 6, 2010)

_____

OPINION OF THE COURT

_____

SCIRICA, *Circuit Judge*.

_____

[*]The Honorable Arthur L. Alarcón, United States Circuit Judge for the Ninth Judicial
Circuit, sitting by designation.

Petitioner Miguel Alicia appeals the denial of his writ of habeas corpus.[1] *Alicia v. Karestas*, No. 08-03910, 2008 WL 4108056, at \*1 (E.D. Pa. 2008). At issue is whether Alicia's petition is barred by the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, § 101, 110 Stat. 1214 (codified in 28 U.S.C. § 2244(d)(1)(A)). We will affirm.

I.

In 1999, a jury in the Court of Common Pleas found Alicia guilty of involuntary deviate sexual intercourse, incest, and corrupting the morals of a minor, crimes for which he was sentenced to 17.5 to 35 years in prison. On direct review, the Pennsylvania Superior Court affirmed the conviction, *Commonwealth v. Alicea*, 778 A.2d 1237 (Pa. Super. Ct. 2001), and the Pennsylvania Supreme Court denied Alicia's petition for allowance of appeal on October 9, 2001.[2] *Commonwealth v. Alicea*, 788 A.2d 371 (Pa. 2001). Alicia's conviction became final on January 7, 2002, after the time to file a petition for a writ of certiorari with the United States Supreme Court expired.

On collateral review, Alicia filed a *pro se* petition under the Post Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. Ann. §§ 9541–46, on January 3, 2003, three days before the Pennsylvania statute of limitations would have elapsed, *see id.* § 9545(b). The PCRA

---

[1] The District Court had subject matter jurisdiction under 28 U.S.C. § 2254(a). We have appellate jurisdiction under 28 U.S.C. § 1291.

[2] The Court of Common Pleas of Philadelphia County, the Pennsylvania Superior Court, and the Supreme Court of Pennsylvania spell the petitioner's name as Miguel Alicea. We will use the District Court's spelling, Miguel Alicia.

court denied the petition, and the Pennsylvania Superior Court affirmed. *Commonwealth v. Alicea,* 913 A.2d 937 (Pa. Super. Ct. 2006). On March 20, 2007, the Pennsylvania Supreme Court denied the petition for an allowance of appeal. *Commonwealth v. Alicea*, 919 A.2d 954 (Pa. 2007).

On August 2, 2007, Alicia filed his federal habeas petition for a writ of habeas corpus under 28 U.S.C. § 2254.[3] The petition was referred to a Magistrate Judge and included the following claims: (1) the trial court's allowance of expert testimony created a fundamentally unfair trial in violation of the Due Process Clause of the Fourteenth Amendment; (2) his sentence was unconstitutionally excessive; (3) his counsel rendered ineffective assistance at sentencing because he failed to advise Alicia to "be remorseful or say nothing;" and (4) actual innocence. In his petition, Alicia asserted that medical incapacity from March 2007 through August of 2007 prevented him from filing a timely petition.

On March 29, 2008, the Magistrate Judge issued a Report and Recommendation denying the petition because it was time-barred under 28 U.S.C. § 2244(d). Alicia filed objections to the Report and Recommendation stating he had been hospitalized on numerous occasions as a result of his health problems. More specifically, Alicia argued that the court should equitably toll the filing of his habeas corpus petition because he

---

[3]A habeas petition by a *pro se* petitioner is deemed filed when he delivers it to prison officials for mailing. *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998).

experienced persistent pain from a torn rotator cuff in his left shoulder between March and his filing of the petition on August 3, 2007.

The District Court approved the Magistrate Judge's Report and Recommendation. Alicia filed a Notice of Appeal, and then filed for an application for a Certificate of Appealability. We granted Alicia's application in July 2009 on one question: whether the District Court erred in not convening a hearing to determine whether Alicia was entitled to equitable tolling.[4]

## II.

Under AEDPA, a person in custody under a state court judgment must file a federal habeas petition within one year from his final judgment. *Holland v. Florida*, 130

---

[4]We review the District Court's denial of an evidentiary hearing in a habeas case for abuse of discretion. *United States v. Lilly*, 536 F.3d 190, 195 (3d Cir. 2008). Though we have not articulated a standard of review for whether a district court erred in denying an evidentiary hearing regarding equitable tolling, the Supreme Court has held, "where an applicant for federal habeas relief is not barred from obtaining an evidentiary hearing by 28 U.S.C. § 2254(e)(2), the decision to grant such a hearing rests in the discretion of the district court." *Schriro v. Landrigan*, 550 U.S. 465, 468 (2007). Other circuits have held a district court's denial of an evidentiary hearing in regard to equitable tolling is reviewed for abuse of discretion. *See Drew v. Dept. of Corrections*, 297 F.3d 1278, 1281 (11th Cir. 2002) ("We review a trial court's decision whether to conduct an evidentiary hearing on an equitable tolling claim for an abuse of discretion."); *Fischer v. Gibson*, 262 F.3d 1135, 1145 (10th Cir. 2001) ("Since 28 U.S.C. § 2244 does not require a hearing on the issue of time-bar or equitable tolling, an evidentiary hearing would be a matter of discretion.")

Separate from the District Court's denial of an evidentiary hearing, our ultimate review of Alicia's equitable tolling claim is plenary. *See Jones v. Morton*, 195 F.3d 153, 156 (3d Cir. 1999) (exercising plenary review over whether appellant was entitled to equitable tolling pursuant to 28 U.S.C. § 2244). *See also Hartmann v. Carrol*, 492 F.3d 478, 480 (3d Cir. 2007) (reviewing timeliness of a federal habeas application is plenary).

S.Ct. 2549, 2554 (2010); 28 U.S.C. § 2244(d). The one-year statute of limitations commences to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The one-year limitation is subject to both statutory and equitable tolling. *Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003). Statutory tolling for a federal habeas claim occurs during the "time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). As noted, Alicia's conviction on direct review became final on January 7, 2002. The one-year AEDPA statute of limitations began to run on January 8, 2002. Alicia filed his PCRA petition on January 3, 2003. The limitation period was statutorily tolled from the date of filing, January 3, 2003, through March 20, 2007, the date of the Pennsylvania Supreme Court's decision denying Alicia's PCRA petition. On March 21, 2007, the statute of limitations period began to run again and expired three days later, on March 24, 2007. Alicia filed his petition on August 2, 2007, 131 days after the statutory deadline. Therefore, Alicia's petition was untimely.

The court may apply equitable tolling to a federal habeas petition. *See Holland,* 130 S.Ct. 2554 (holding the timeliness provision in the habeas corpus statue is subject to equitable tolling). A petitioner seeking equitable tolling bears the burden of establishing that (1) some extraordinary circumstances prevented him from exercising his rights, and

5

(2) he has diligently pursued his claims. *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *See also Merritt*, 326 F.3d at 158. Alicia contends the District Court should have conducted more fact-finding, and specifically should have held an evidentiary hearing, to determine his equitable tolling motion. He acknowledges his untimely filing, but maintains his medical condition constituted an extraordinary circumstance for which the statute of limitations should have been equitably tolled. Alicia also argues that because "reports alone would have been insufficient . . . to justify the extraordinary remedy of equitable tolling," an evidentiary hearing would have provided him the opportunity to present his claims.

To qualify for equitable tolling, a petitioner must first demonstrate that extraordinary circumstances caused his failure to timely file his petition. *See Holland*, 130 S.Ct. at 2562; *LaCava v. Kyler,* 398 F.3d 271, 276 (3d Cir. 2005). Alicia allegedly suffered symptoms from a rotator cuff tear from March 1, 2007 to August 17, 2007.[5] He contends he experienced persistent pain from his injury so that daily activities, such as feeding himself, were painful. But his injury did not necessarily preclude opportunities to file, since prison officials or others could have assisted him in completing the forms. *C.f. Arbas v. Nicholson*, 403 F.3d 1379, 1381 (Fed. Cir. 2005) (holding physical conditions justify tolling when those conditions impair cognitive function or the ability to

---

[5]In his application for a Certificate of Appealability, Alicia pointed to other medical impairments which affected him prior to and during his incarceration, but did not assert those ailments affected his ability to timely file his petition.

communicate). In fact, Alicia filed his habeas petition two weeks before his rotator cuff surgery, during the time the alleged impairment supposedly prevented an earlier filing. This fact contravenes Alicia's argument that he was incapacitated and could not timely file. Alicia's shoulder injury, the only specific allegation purporting to explain his untimely filing, is not so out of the ordinary as to warrant tolling. The District Court properly found the injury insufficient to comprise extraordinary circumstances.

A petitioner seeking equitable tolling must "exercise reasonable diligence" in bringing his claims. *Holland*, 130 S.Ct. at 2562; *LaCava*, 398 F.3d at 277 (quoting *Miller v. N.J. State Dep't of Corr.,* 145 F.3d 616, 618 (3d Cir. 1998)). The obligation to act diligently pertains to both the federal habeas claim and the period in which the petitioner exhausts state court remedies, and the court may consider the time of filing the habeas petition as a factor in determining reasonable diligence. *LaCava*, 398 F.3d at 277.

A district court has the discretion to hold an evidentiary hearing in certain cases. *Schriro v. Landrigan*, 550 U.S. 465, 468 (2007). The AEDPA "permits evidentiary hearings on habeas review, but only in a limited number of circumstances" listed under the statute. *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000) (emphasis removed). A petitioner must be "diligent in his efforts to develop a factual basis for his claim in the state court proceedings" before a hearing is warranted. *Palmer v. Hendricks*, 592 F.3d

386, 392 (3d Cir. 2010).[6] Notwithstanding the "flexibility inherent in equitable procedure [that] enables courts to meet new situations [that] demand equitable intervention, and to accord all the relief necessary to correct . . . particular injustices," *Holland*, 130 S.Ct. at 2563 (internal quotation marks and citation omitted), as well as our need to avoid an "overly rigid *per se* approach" of statutory law, *id.* at 2564, Alicia has not proffered new evidence other than the facts already discovered and asserted. Accordingly, the District Court properly exercised its discretion in dismissing the petition without conducting an evidentiary hearing.

Though equitable tolling may be proper when "the principles of equity would make the rigid application of a limitation period unfair," *LaCava*, 398 F.3d at 276 (quoting *Miller,* 145 F.3d at 618), Alicia has not offered any basis for finding that he has been prevented in some extraordinary way from asserting his rights, nor has he shown he has been diligent in pursuing his claims.

### III.

For the foregoing reasons, we will affirm the dismissal of Alicia's petition.

---

[6]"If the applicant has failed to develop the factual basis of a claim in state court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that the claim relies on a factual predicate that could not have been previously discovered through the exercise of due diligence." 28 U.S.C. §§ 2254 (e)(2)(A)(ii).