NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JEFFERY L. PAGE,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2020-1329

---

Petition for review of the Merit Systems Protection Board in No. DA-0714-20-0009-I-1.

---

Decided: November 6, 2020

---

JEFFERY L. PAGE, San Antonio, TX, pro se.

JEFFREY GAUGER, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by KATHERINE MICHELLE SMITH, TRISTAN L. LEAVITT.

---

Before REYNA, SCHALL, and WALLACH, *Circuit Judges*.

PER CURIAM.

Petitioner, Jeffery L. Page, a former medical technician for the Department of Veterans Affairs, challenges the Merit System Protection Board's decision to dismiss his appeal as untimely filed. We affirm.

### BACKGROUND

Mr. Page served as a medical technician for the Department of Veterans Affairs ("VA") at the Audie L. Murphy Memorial Veterans Hospital in San Antonio, Texas. *See* S.A. 1–2.[1] During his employment, in July 2019, the VA proposed removing Mr. Page for failure to follow supervisory instructions and for absence without leave. S.A. 2. One month later, Mr. Page was removed, effective August 28, 2019. *Id.*

The VA served its decision letter on Mr. Page via both United Parcel Service ("UPS") overnight delivery and United States Postal Service ("USPS") certified mail. S.A. 3. The decision letter informed Mr. Page that he could appeal the VA's decision to the Merit System Protection Board ("MSPB" or "Board") no later than 10 business days from the date of his removal. S.A. 2.

On October 3, 2019, Mr. Page filed an appeal with the MSPB's Dallas Regional Office. S.A. 17–43. Soon after, the administrative judge issued an order explaining that the appeal appeared to be untimely and providing Mr. Page with the opportunity to submit evidence and argument for why his delayed filing should be excused. S.A. 47. The VA was also afforded the opportunity to submit evidence on the timeliness issue. *Id.* Both the VA and Mr. Page produced a USPS tracking record indicating that the VA's decision letter was delivered by certified mail on September 19, 2019, which was within 10 business days of Mr. Page's filing date. *See* S.A. 55, 67. However, the VA also produced

---

[1]    S.A. refers to the pages of the supplemental appendix attached to the respondent's brief.

a receipt from UPS showing that the decision letter was delivered on August 23, 2019.  S.A. 60, 64-66.

In December 2019, the administrative judge dismissed Mr. Page's appeal as untimely filed.  S.A. 1–13.  In her decision, the administrative judge found that Mr. Page failed to "refute tracking records submitted by the agency reflecting the letter [] was delivered on August 23, 2019, by UPS overnight mail."  S.A. 4.  The administrative judge also considered whether the doctrine of equitable tolling might apply, but ultimately decided that it could not because Mr. Page had alleged insufficient facts warranting its application.  S.A. 5.  After the decision was rendered, Mr. Page did not petition for review by the Board, and the administrative judge's initial decision became final on January 6, 2020.

Mr. Page now appeals the Board's decision.  We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

At issue in this appeal is whether the administrative judge correctly applied the statutory time limits in finding that Mr. Page did not file his appeal within the time limits.[2]  This court will affirm a decision of the Board unless the decision is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained

---

[2]    Mr. Page's informal opening brief and memorandum in lieu of oral argument, filed on October 22, 2020, contain assertions relating to non-payment for certain work and a recount of an incident that caused Mr. Page to take sick leave without prior approval.  *See* generally ECF No. 27.  It appears Mr. Page's assertions pertain to issues relating to the merits of Mr. Page's removal.  Because we affirm the Board's decision to dismiss Mr. Page's appeal on grounds that his appeal was untimely, we do not reach the merits of Mr. Page's removal in this decision.

without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence."  5 U.S.C. § 7703(c).

The administrative judge applied the correct statutory time limits in analyzing the timeliness of Mr. Page's appeal.  38 U.S.C. § 714(c)(4)(B) ("An appeal . . . of a removal, demotion, or suspension may only be made if such appeal is made not later than 10 business days after the date of such removal, demotion, or suspension.")  Further, the administrative judge's finding that Mr. Page's filing fell outside of the statutorily prescribed time limits is supported by substantial evidence.  Namely, Mr. Page's removal was effective on August 28, 2019, S.A. 2, and he had until September 12, 2019 to file his appeal.  But he failed to do so.  S.A. 3.  The administrative judge found that Mr. Page's October 3, 2019 filing was 15 business days late and that Mr. Page had not refuted the VA's evidence that the decision letter was delivered by UPS on August 23, 2019.  S.A. 3, 4.  The administrative judge also considered issues raised relating to Mr. Page's health and the fact that his niece assisted him with errands, S.A. 4, but concluded Mr. Page did not meet the threshold for equitable tolling.  *Id.*, *see also Arbas v. Nicholson*, 403 F.3d 1379, 1381 (Fed. Cir. 2005) (describing circumstances qualifying for equitable tolling based on evidence of physical illness as where "the particular infirmity of the veteran prevented him from engaging in rational thought or deliberate decision making or rendered him incapable of handling [his] own affairs or unable to function [in] society." (quotation marks omitted)).

## CONCLUSION

Because we find the Board's decision to be in accordance with law and based on substantial evidence, we affirm the Board's decision to dismiss Mr. Page's appeal as untimely filed.

## **AFFIRMED**