**Larry D. BARRETT, Claimant–Appellant,**

v.

**Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.**

**No. 03–7149.**

United States Court of Appeals, Federal Circuit.

April 5, 2004.

Michael A. Leonard, The Veterans Law Consortium, of Washington, DC, argued for claimant-appellant. On the brief was Mark R. Lippman, The Veterans Law Consortium, of LaJolla, CA.

David B. Stinson, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were Peter D. Keisler, Assistant Attorney General; David M. Cohen, Director; and James M. Kinsella, Deputy Director. Of counsel on

the brief were Michael J. Timinski, Deputy Assistant General Counsel; and David R. McLenachen, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Before MAYER, Chief Judge, GAJARSA and DYK, Circuit Judges.

MAYER, Chief Judge.

Larry D. Barrett ("Barrett") appeals the judgment of the Court of Appeals for Veterans Claims ("Veterans Court"), which held that it lacked jurisdiction because Barrett failed to file a notice of appeal within the 120 day period required by 38 U.S.C. § 7266(a).* *Barrett v. Principi,* No. 02–2382, 2003 WL 21321372 (Vet.App. June 5, 2003). Because mental illness can justify equitable tolling of section 7266(a) under some circumstances, we reverse and remand.

*Background*

Barrett served on active duty in the Army from July 1970 to January 1972 and in the Navy from February 1975 to July 1976. He alleges that soon after returning from a tour in Vietnam he began to experience emotional problems, but that the symptoms did not become severe until 1982. In 1997, Barrett was diagnosed with post-traumatic stress disorder ("PTSD") and panic disorder. He claims that by 2002 he suffered from flashbacks and hallucinations.

Barrett sought service connection for his PTSD and a hand injury; both claims were denied by the Regional Office and Board of Veterans' Appeals ("board"). On August 15, 2002, the board mailed its deci-

---

* 38 U.S.C. § 7266(a) states that, "In order to obtain review by the Court of Appeals for Veterans Claims of a final decision of the Board of Veterans' Appeals, a person adversely affected by such decision shall file a notice of appeal with the Court within 120 days after the date on which notice of the decision is mailed pursuant to section 7104(e) of this title."

sion affirming the denial of benefits to Barrett. Barrett appealed the board's decision to the Veterans Court on December 21, 2003, three hundred and seventy-three days after the 120–day period for appeal had expired. The government moved to dismiss the appeal for lack of jurisdiction. In response, Barrett claimed that he was prevented from filing the notice of appeal because he had been incapacitated by his mental illness, and that the Veterans Court should therefore equitably toll the 120–day period for appeal. The Veterans Court dismissed the appeal for lack of jurisdiction, holding that "ill health has not been adopted as a basis for such tolling." *Barrett*, No. 02–2382, 2003 WL 21321372 (Vet.App. June 5, 2003). On appeal, Barrett argues that the Veterans Court erred when it held that mental illness cannot justify the tolling of 38 U.S.C. § 7266(a).

*Discussion*

First, we address the government's contention that we lack jurisdiction because the Veterans Court made a factual finding that Barrett was not sufficiently incapacitated to warrant tolling. While we are prohibited by 38 U.S.C. § 7292(a) from reviewing fact questions, the Veterans Court decided that the 120–day period for appeal prescribed by section 7266(a) could never be tolled based on mental incapacity. It did not make a factual determination as to whether Barrett's alleged incapacity merited tolling. Therefore, we review the Veterans Court's judgment *de novo*. *See Collaro v. West*, 136 F.3d 1304, 1307 (Fed. Cir.1998) (reviewing *de novo* the Veterans Court's determination that it lacked jurisdiction).

■ On the merits, we are presented with only one issue: can mental illness ever excuse the failure to timely file a notice of appeal? We join the majority of our sister circuits in concluding that mental illness can justify equitable tolling.

■ In *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), the Supreme Court held that there is a rebuttable presumption that all federal statutes of limitations contain an implied equitable tolling provision. Pursuant to this decision, we held in *Bailey v. West*, 160 F.3d 1360, 1364 (Fed.Cir. 1998) (en banc), that section 7266(a) was subject to equitable tolling because the type of claimant involved and the purpose of the veterans benefit system suggested that the statute should be applied compassionately. *Id.* at 1368 ("to read the legislative history of section 7266 as requiring ruthless application of the time limit is somewhat arbitrary"). While the government agrees that section 7266(a) is subject to equitable tolling, it directs us to language indicating that such tolling is allowed in only two limited situations: (1) where "the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period"; and (2) "where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin*, 498 U.S. at 96, 111 S.Ct. 453; *see also Bailey*, 160 F.3d at 1364. A careful study of Supreme Court precedent, as well as that of the regional circuits, however, reveals that equitable tolling is available in a variety of circumstances, including when a party has been mentally incapacitated.

The Supreme Court has yet to address whether mental illness can justify equitable tolling. In *Irwin*, an employment discrimination case, petitioner claimed that the 30–day period prescribed in 42 U.S.C. § 2000e–16(c) should be tolled because his attorney was out of the country and did not, therefore, personally receive the relevant notice. 498 U.S. at 91, 111 S.Ct. 453. That case recognized that equitable tolling applied in suits against the government, but it did not discuss the availability of

tolling based on mental illness. *Id.* at 95–96, 111 S.Ct. 453. Subsequently, *United States v. Brockamp*, 519 U.S. 347, 117 S.Ct. 849, 136 L.Ed.2d 818 (1997), a tax refund case, was decided. In *Brockamp*, the Ninth Circuit had determined that petitioners, who suffered from alcoholism and senility, were entitled to equitable tolling of 26 U.S.C. § 6511. 519 U.S. at 349, 117 S.Ct. 849. Although the Supreme Court concluded that section 6511 should not be subject to equitable tolling because the *Irwin* presumption had been rebutted, it said that "[mental disability], we assume, would permit a court to toll the statutory limitations period." *Id.* at 348, 117 S.Ct. 849. Therefore, the Court has intimated that tolling based on mental incapacity is allowed. More recently, it decided *Young v. United States*, 535 U.S. 43, 122 S.Ct. 1036, 152 L.Ed.2d 79 (2002), a bankruptcy case that involved whether 11 U.S.C. § 507(a)(8)(A)(i)'s lookback period could be tolled during the pendency of a prior bankruptcy petition. The Court noted that equitable tolling has been widely permitted in the two situations acknowledged in *Irwin, supra*, and its progeny. *Young*, 535 U.S. at 50, 122 S.Ct. 1036. Significantly, and of critical importance to the outcome of *Young*, the Supreme Court said, "We have acknowledged, however, that tolling might be appropriate in other cases, and this, we believe is one." *Id.* (citations omitted). Equitable tolling of federal statutes of limitations is therefore available in more than just the two circumstances described in *Irwin* and *Bailey. See Nunnally v. MacCausland*, 996 F.2d 1, 5 n. 7 (1st Cir.1993) ("A fair reading of *Irwin*, however, shows that the Court did not undertake an exhaustive list of factors that may be considered in the equitable weighing process.").

In addition to the guidance provided by the Supreme Court, several circuits have allowed equitable tolling based on mental illness. The First Circuit has established that mental incapacity is a suitable basis upon which to equitably toll a statute of limitations. *See Meléndez–Arroyo v. Cutler–Hammer de P.R., Co.*, 273 F.3d 30, 39 (1st Cir.2001) (remanding for factual inquiry into whether plaintiff's mental state warranted equitable tolling); *Nunnally*, 996 F.2d at 5 (holding that 5 U.S.C. § 7703(b)(2) can be tolled due to mental incapacity); *Oropallo v. United States*, 994 F.2d 25, 28 n. 2 (1st Cir.1993) (holding that 26 U.S.C. § 6511 may not be equitably tolled, but that mental incapacity is a grounds for tolling when available). The Second, Sixth, Seventh, Ninth and D.C. Circuits have held the same in a variety of circumstances. *See Zerilli–Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80 (2d Cir.2003) ("Equitable tolling is generally considered appropriate where ... a plaintiff's medical condition or mental impairment prevented her from proceeding in a timely fashion.") (citations omitted); *Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 514 (2d Cir.2002) (recognizing mental incapacity as a basis for equitable tolling under ERISA); *Brown v. Parkchester S. Condos.*, 287 F.3d 58, 60 (2d Cir.2002) (Title VII case finding that plaintiff proffered sufficient evidence to warrant a hearing on whether her mental incapacity required tolling); *Boos v. Runyon*, 201 F.3d 178, 184 (2d Cir.2000) (holding that 29 C.F.R. § 1614.105(a)(1) is subject to equitable tolling based on mental illness); *Canales v. Sullivan*, 936 F.2d 755, 756 (2d Cir.1991) (holding that 42 U.S.C. § 405(g) may be equitably tolled based on a plaintiff's mental impairment); *Cantrell v. Knoxville Cmty. Dev. Corp.*, 60 F.3d 1177, 1180 (6th Cir.1995) (holding that attorney's mental illness may justify equitable tolling); *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996) (finding that 29 U.S.C. § 791 may be tolled "if the plaintiff because of disability, irremediable lack of information, or other

circumstances beyond his control just cannot reasonably be expected to sue in time"); *Stoll v. Runyon,* 165 F.3d 1238, 1242 (9th Cir.1999) (holding that mental incapacity is an extraordinary circumstance that may warrant equitable tolling); *Smith–Haynie v. Dist. of Columbia,* 155 F.3d 575, 579 (D.C.Cir.1998) (holding that the doctrine of equitable tolling "can fairly be read to encompass cases where a plaintiff has been unable to [timely file] because of disability").

On the other hand, the Third, Fifth and Tenth Circuits have not unconditionally endorsed tolling a statute of limitations because of mental illness. The Third Circuit has allowed equitable tolling based on mental illness, but has limited its application. In *Lake v. Arnold,* 232 F.3d 360, 364 (3d Cir.2000), a mentally retarded woman sued her family and physicians for having sterilized her without her consent. She filed her 42 U.S.C. §§ 1983 and 1985 claims outside the applicable two-year statute of limitations. *Id.* The court determined that the statute of limitations could be tolled because the incompetence that caused the delay also "motivated, to some degree, the injury that [s]he sought to remedy." *Id.* at 371. In *Hood v. Sears Roebuck and Co.,* 168 F.3d 231, 233 (5th Cir.1999), a Title VII case, the Fifth Circuit held that because the facts did not warrant tolling it would forego deciding the larger issue of whether such tolling was ever available. And, in *Ebrahimi v. E.F. Hutton & Co.,* 852 F.2d 516, 521 (10th Cir.1988), the Tenth Circuit stated, "Under the doctrine of federal equitable tolling, courts generally have not permitted mental illness, even where rising to the level of insanity, to delay the statute of limitations from running." The viability of *Ebrahimi* is questionable, however, because it predated *Irwin, supra,* and because the later opinion in *Biester v. Midwest Health Services, Inc.,* 77 F.3d 1264, 1268 (10th Cir.

1996), takes a less certain stance on the issue.

In addition to the widespread support for equitable tolling based on mental illness that has developed over the last fifteen years, the context of section 7266(a) convinces us that such tolling should be allowed. As noted in *Bailey,* the veterans benefit system is designed to award "entitlements to a special class of citizens, those who risked harm to serve and defend their country. This entire scheme is imbued with special beneficence from a grateful sovereign." 160 F.3d at 1370 (Michel, J., concurring); *see also Jaquay v. Principi,* 304 F.3d 1276, 1286 (Fed.Cir.2002); *Hensley v. West,* 212 F.3d 1255, 1262 (Fed.Cir. 2000). It would be both ironic and inhumane to rigidly implement section 7266(a) because the condition preventing a veteran from timely filing is often the same illness for which compensation is sought. *See Nunnally,* 996 F.2d at 5 (noting that "an absolute rule barring equitable tolling for a plaintiff's insanity might conflict with the substantive purposes of the Act"). We also observe that: (1) the 120–day period for appeal is relatively short, especially considering that most claimants are not represented by counsel; (2) the government is unlikely to experience prejudice as a result of the delay; and (3) the record has been fully developed. *Bailey,* 160 F.3d at 1366. Furthermore, the Department of Veterans Affairs, which employs a host of medical professionals, is uniquely qualified to facilitate the diagnosis of troubled claimants should such allegations arise. Therefore, we conclude that even if it is not related to the veteran's underlying claim for benefits, mental illness may justify the tolling of section 7266(a)'s 120–day period for appeal if certain conditions are satisfied.

■ The First, Seventh and D.C. Circuits, relying on "state standards for de-

termining incompetence," have developed generalized criteria for the circumstances under which mental illness may justify equitable tolling. *Nunnally*, 996 F.2d at 5; *see Miller*, 77 F.3d at 191; *Smith–Haynie*, 155 F.3d at 579. *But cf. Boos*, 201 F.3d at 184 (noting that the Second Circuit evaluates the availability of equitable tolling based on mental illness on a case-by-case basis). In the First Circuit, the mental illness must have been "so severe that the plaintiff was '[un]able to engage in rational thought and deliberate decision making sufficient to pursue [her] claim alone or through counsel.'" *Meléndez–Arroyo*, 273 F.3d at 37. The burden is increased if the plaintiff was represented by counsel. In that case, the First Circuit will "assume that the mental illness was not of a sort that makes it equitable to toll the statute-at least absent a strong reason for believing the contrary." *Lopez v. Citibank, N.A.*, 808 F.2d 905, 907 (1st Cir.1987). The Seventh Circuit has a similar rule that mental illness tolls a statute of limitations "only if the illness *in fact* prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them." *Miller*, 77 F.3d at 191. Likewise, the D.C. Circuit determined that equitable tolling for mental illness is appropriate only if the plaintiff is "incapable of handling her own affairs or unable to function [in] society." *Smith–Haynie*, 155 F.3d at 580 (internal quotes omitted). These courts have emphasized that even a severe diagnosis standing alone will not warrant tolling. *See Meléndez–Arroyo*, 273 F.3d at 38 ("It is clear that merely to establish a diagnosis such as severe depression is not enough.").

We believe these generalized standards should govern claims of mental incompetence. Therefore, to obtain the benefit of equitable tolling, a veteran must show that the failure to file was the direct result of a mental illness that rendered him incapable of "rational thought or deliberate decision making," *Meléndez–Arroyo*, 273 F.3d at 37, or "incapable of handling [his] own affairs or unable to function [in] society," *Smith–Haynie*, 155 F.3d at 580 (internal quotes omitted). A medical diagnosis alone or vague assertions of mental problems will not suffice. And, if he is represented by counsel during the relevant period, the veteran must make an additional showing that the mental illness impaired the attorney-client relationship. *See Lopez*, 808 F.2d at 907; *see also Stoll*, 165 F.3d at 1242 (equitable tolling may be appropriate even if a plaintiff is represented by counsel).

### Conclusion

Accordingly, the judgment of the Veterans Court is reversed and the case is remanded for further proceedings in accordance with this opinion.

### Costs

Costs to appellant.

REVERSED AND REMANDED.