NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-7001, -7002

HAROLD W. VAN ALLEN,

Claimant-Appellant,

v.

R. JAMES NICHOLSON,
Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED: April 26, 2005

_____

Before MICHEL, Chief Judge, MAYER and DYK, Circuit Judges.

PER CURIAM.

Harold W. Van Allen ("Van Allen") appeals from the decisions of the Court of Appeals for Veterans Claims ("Veterans' Court") dismissing his appeals for lack of jurisdiction. Van Allen v. Principi, No. 03-1956 (Vet. App. July 30, 2004); Van Allen v. Principi, No. 03-1957 (Vet. App. July 30, 2004). We affirm the decisions in these consolidated appeals.

BACKGROUND

Van Allen served in the active duty military from June 1973 to June 1978. On June 24, 1987, the Board of Veterans Appeals ("Board") denied Van Allen's claim for benefits based upon service connection for systemic lupus erythematosus. On January 8, 2001 the Board dismissed Van Allen's claim of service connection for neurological/multisystem disability as analogous to Gulf War Syndrome and exposure to

chemical and/or biological agents, and remanded his claim of service connection for a suprasellar arachnoid cyst to the Regional Office. The Board received motions for reconsideration from Van Allen regarding both Board decisions on March 27, 2002, which were denied on July 18, 2002. Van Allen filed notices of appeal with the Veterans' Court on November 4, 2003. Thus, Van Allen filed his notice of appeal with the Veterans' Court more than one year late.

The Veterans' Court dismissed both appeals for lack of jurisdiction. Applying identical reasoning to both appeals, the Veterans' Court found that Van Allen was not entitled to equitable tolling of the 120-day appeal period of 38 U.S.C. § 7266(a), which governs appeals to the Veterans' Court. The Veterans' Court noted that Van Allen presented evidence of a Social Security Administration determination that he suffered cognitive problems for the period of June 1978 to 1985. Indeed, it appears that the Social Security Administration determined on September 27, 2000, that Van Allen was disabled by severe mental and musculoskeletal impairments for the period from June 30, 1978, to December 31, 1986. However, the Veterans' Court found this early period of impairment irrelevant to the much later period for filing a notice of appeal with the Veterans' Court. Thus, the Veterans' Court found that Van Allen had "not shown that any such diagnosis prevented him from filing [a notice of appeal] when required" and that "there is nothing in this appeal that otherwise suggests that tolling of the 120-day appeal period would be appropriate." Van Allen, No. 03-1956, slip op. at 2; Van Allen, No. 03-1957, slip op. at 2. We have jurisdiction pursuant to 38 U.S.C. § 7292.

DISCUSSION

Under 38 U.S.C. § 7292(d)(1), we will set aside a decision of the Veterans' Court if we find it to be "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." We review a claim for legal error in the decision of the Veterans' Court without deference. Moody v. Principi, 360 F.3d 1306, 1310 (Fed. Cir. 2004).

Van Allen urges on appeal that the Veterans' Court misinterpreted our decision in Barrett v. Principi, 363 F.3d 1316 (Fed. Cir. 2004). The Veterans' Court cited to Barrett, which states that "to obtain the benefit of equitable tolling, a veteran must show that the failure to file was the direct result of a mental illness that rendered him incapable of rational thought or deliberate decision making, or incapable of handling [his] own affairs or unable to function [in] society." Barrett, 363 F.3d at 1321 (internal quotes and citations omitted) (alterations in original). We recently reaffirmed Barrett by applying the same test in the physical disability context. Arbas v. Nicholson, No. 04-7107, slip op. at 3-4 (April 13, 2005). The Veterans' Court correctly interpreted Barrett's "direct result" standard, noting that Van Allen's only evidence of mental impairment predated the proposed tolling period by fifteen years. Accordingly, we find no error in the Veterans' Court's interpretation of Barrett.

Alternatively, Van Allen urges that the Veterans' Court came to its conclusion without consideration of the full record below because it did not have before it the full record available before the Board. 38 U.S.C. § 7252(b) provides that "[r]eview in the

[Veterans'] Court shall be on the record of proceedings before the Secretary and the Board." However, we have previously held that the burden of proof is on the veteran. Barrett, 363 F.3d at 1321. Thus, the veteran must bring any evidence in favor of equitable tolling to the attention of the Veterans' Court. We find that the Veterans' Court acted in accordance with § 7252.

We have considered Van Allen's other arguments and find them to be without merit.

CONCLUSION

The decision of the Veterans' Court is affirmed.

COSTS

No costs.