NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GERTRUDE MCKINNEY,**
*Claimant-Appellant,*

**v.**

**ROBERT A. MCDONALD,**
**Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2014-7104

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 14-561, Judge Alan G. Lance, Sr.

---

Decided: December 10, 2014

---

GERTRUDE MCKINNEY, of Little Rock, Arkansas, pro se.

SHELLEY D. WEGER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were JOYCE R. BRANDA, Acting Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and ALLISON KIDD-MILLER, Assistant Director. Of counsel on the brief were Y. KEN LEE, Deputy Assis-

tant General Counsel, and MEGHAN D. ALPHONSO, Attorney, United States Department of Veterans Affairs, of Washington, DC.

————————————

Before LOURIE, CHEN, and HUGHES, *Circuit Judges.*

HUGHES, *Circuit Judge*

Gertrude McKinney filed an appeal at the U.S. Court of Appeals for Veterans Claims after the 120-day statutory appeal period ended. The Veterans Court determined Ms. McKinney failed to show any circumstance warranting equitable tolling of the appeal period and dismissed her claim as untimely filed. Because Ms. McKinney has not raised any question of law within our limited jurisdiction, we must dismiss her appeal.

I

On October 28, 2013, the Board of Veterans' Appeals denied Ms. McKinney's claim for service connection for a back disorder. The Board mailed a notice of its decision on the same day. The notice included a copy of Ms. McKinney's appeal rights, which explained that Ms. McKinney had 120 days from the date the notice was mailed to file a Notice of Appeal. On February 27, 2014, more than 120 days later, Ms. McKinney filed a Notice of Appeal at the U.S. Court of Appeals for Veterans Claims.

The Veterans Court ordered Ms. McKinney to explain why her appeal should not be dismissed as untimely filed. Ms. McKinney filed a response stating that she "was not aware that the time had lapsed and that [she] was outside its limitations." S.A. 8. Ms. McKinney further explained that "[w]ith her health challenges and trying to live from day to day it is difficult to take care of life's normal routine and additional requirements as well." S.A. 8. She asked the Veterans Court to allow her to continue pursuing her claim.

The Veterans Court considered whether Ms. McKinney's statements warranted equitable tolling of the 120-day appeal period and concluded they did not. S.A. 7 (citing *Barrett v. Principi*, 363 F.3d 1316, 1321 (Fed. Cir. 2004)). Accordingly, the Veterans Court dismissed Ms. McKinney's appeal as untimely filed under 38 U.S.C. § 7266(a).

Ms. McKinney appeals.

## II

Our jurisdiction to review decisions of the Veterans Court is limited by statute. *See* 38 U.S.C. § 7292. We may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." 38 U.S.C. § 7292(a), (d)(1). But we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case," except to the extent an appeal presents a constitutional issue. 38 U.S.C. § 7292(d)(2).

Ms. McKinney appears to argue the Veterans Court's decision not to apply equitable tolling was improper. That challenge, however, is to the Veterans Court's application of the governing legal standard to the facts of her case. We have previously held that we lack jurisdiction to consider whether the Veterans Court properly applied the doctrine of equitable tolling. *See, e.g.*, *Leonard v. Gober*, 223 F.3d 1374, 1376 (Fed. Cir. 2000).

Ms. McKinney does not argue that the Veterans Court erroneously interpreted a rule of law, statute, or regulation. Indeed, the Veterans Court applied the correct legal standard to determine whether Ms. McKinney's health challenges require equitable tolling of the appeals period. To obtain the benefit of equitable tolling based on mental

or physical illness, the veteran must demonstrate the illness "prevented him from engaging in rational thought or deliberate decision making" or "rendered him incapable of handling [his] own affairs or unable to function [in] society." *Abras v. Nicholson*, 403 F.3d 1379, 1381 (Fed. Cir. 2005) (quoting *Barrett*, 363 F.3d at 1321) (internal quotation marks omitted). "A medical diagnosis alone or mere assertions of mental problems will not suffice." *Barrett*, 363 F.3d at 1321.

Because Ms. McKinney has not raised any issue within our limited jurisdiction, we must dismiss her appeal.

## DISMISSED

No costs.