NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LAWRENCE S. CIOFFI,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2016-1612

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 15-1885, Judge Margaret C. Bartley.

---

Decided: June 13, 2016

---

LAWRENCE S. CIOFFI, Danbury, CT, pro se.

MOLLIE LENORE FINNAN, Commercial Litigation Branch, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., SCOTT D. AUSTIN; BRIAN D. GRIFFIN, DEREK SCADDEN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before PROST, *Chief Judge,* BRYSON and STOLL, *Circuit Judges.*

PER CURIAM.

Lawrence S. Cioffi appeals the decision of the Court of Appeals for Veterans Claims ("the Veterans Court") dismissing as untimely his appeal of a decision of the Board of Veterans' Appeals ("Board"). For the following reasons, we dismiss for lack of jurisdiction.

## BACKGROUND

On May 11, 2015, Mr. Cioffi filed a notice of appeal with the Veterans Court, challenging a May 29, 2014 decision by the Board denying his claim for increased disability benefits. The Secretary of Veterans Affairs filed a motion to dismiss, arguing that the notice of appeal was filed more than 120 days after the Board's decision and thus was untimely. The Veterans Court then ordered Mr. Cioffi to show cause why the appeal should not be dismissed as untimely.

On August 17, 2015, Mr. Cioffi responded to the show cause order with a letter from his primary care physician at the Department of Veterans Affairs and sworn affidavits from himself and his wife. Mr. Cioffi explained that, at the time that he received the Board's decision, he was having recurring seizures due to service-connected Meniere's disease. He stated that because of his seizures, he misinterpreted the time to appeal the Board decision— he erroneously relied on the one-year deadline to challenge an agency decision *to* the Board instead of the 120-day deadline to appeal *from* the Board to the Veterans Court.

His physician confirmed that Mr. Cioffi suffered "attacks of Meniere's disease including imbalance, stagger-

ing, and vertigo," and further stated that "his seizures were increasingly interrupting his daily routine and living activities affecting his normal functions." J.A. 9. Mrs. Cioffi, who was Mr. Cioffi's caregiver, also stated in her affidavit that she "assisted processing [Mr. Cioffi's] paper work during his recurring periods of incapacity," although she stressed that she is "neither [a] veteran['s] representative nor veteran['s] advocate." J.A. 11. Mrs. Cioffi reiterated that she and her husband incorrectly interpreted the appeal deadline to be one year.

On December 18, 2015, the Veterans Court dismissed Mr. Cioffi's appeal as untimely. The Veterans Court concluded that Mr. Cioffi was not entitled to equitable tolling of the 120-day appeal period because he had not established that his physical impairments constituted extraordinary circumstances, as required for equitable tolling to apply. Mr. Cioffi now timely appeals to us.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. Pursuant to 38 U.S.C. § 7292(a), we have jurisdiction to review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." Except to the extent that a constitutional issue is raised, this court may not review "a challenge to a factual determination," or "a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2)(A)-(B).

Pursuant to 38 U.S.C. § 7266(a), a notice of appeal must be filed within 120 days of the date of the Board decision. This deadline is not jurisdictional, however, and thus the Veterans Court may excuse a late filing under the doctrine of equitable tolling. *Henderson v. Shinseki*, 562 U.S. 428, 431, 438–42 (2011).

We have explained that to benefit from equitable tolling, "a claimant must demonstrate three elements: (1) extraordinary circumstance; (2) due diligence; and (3) causation." *Toomer v. McDonald*, 783 F.3d 1229, 1238 (Fed. Cir. 2015) (internal quotation marks and alteration omitted). Where a claimant relies on physical disability to show an "extraordinary circumstance," we have directed the Veterans Court to "focus on whether the particular infirmity of the veteran prevented him from engaging in 'rational thought or deliberate decision making' or rendered him 'incapable of handling [his] own affairs or unable to function [in] society.'" *Arbas v. Nicholson*, 403 F.3d 1379, 1381 (Fed. Cir. 2005) (quoting *Barrett v. Principi*, 363 F.3d 1316, 1321 (Fed. Cir. 2004)).

On appeal, Mr. Cioffi argues that the Veterans Court acted in a manner that was "arbitrary, capricious, [and/or an] abuse of discretion in failing to apply equitable tolling for extraordinary circumstances." Pet'r's Br. 1. In particular, Mr. Cioffi contends that equitable tolling is warranted because his physical disability prevented him from completing the required paperwork and thus, his wife, who is neither an attorney nor a Veterans Service Representative, was required to assume that responsibility. He also argues that instead of taking into account all of his symptoms—including deafness, head noise/tinnitus, nystagmus, migraines, tremors, imbalance and others—the Veterans Court focused exclusively on his seizures in determining that Mr. Cioffi had not shown that his physical disability "rendered him incapable of handling his own affairs for the entire appeal period." J.A. 2.

Mr. Cioffi's challenge is thus to the Veterans Court's application of the equitable tolling standard to the facts of his case. However, we have consistently held that we have no jurisdiction over such cases. *See Leonard v. Gober*, 223 F.3d 1374, 1376 (Fed. Cir. 2000) (finding lack of jurisdiction "to consider [Petitioner's] arguments regarding application of equitable tolling to the facts of her

case"); *Dixon v. Shinseki*, 741 F.3d 1367, 1377 (Fed. Cir. 2014) ("This court is precluded from reviewing factual determinations bearing on a veteran's equitable tolling claim." (internal citation omitted)).

Mr. Cioffi also contends that the Veterans Court improperly relied on the standard espoused in *Barrett*, which involved a claimant with a mental illness, to determine whether a physical illness constitutes an extraordinary circumstance. However, we have previously stated that the *Barrett* standard applies to both mental and physical disability. *Arbas*, 403 F.3d at 1381. Thus, Mr. Cioffi's argument appears to be that the Veterans Court erred in analogizing the facts of his case with those in *Barrett* to find that equitable tolling did not apply. This again is a challenge to the Veterans Court's application of the equitable tolling standard to facts and thus does not provide a basis for our jurisdiction.

Because Mr. Cioffi does not argue that the decision of the Veterans Court involved the validity or interpretation of the equitable tolling standard and instead only provides factual evidence for why he missed the 120-day deadline, we lack jurisdiction to hear his appeal.

For the foregoing reasons, we dismiss the appeal for lack of jurisdiction.

## DISMISSED

### COSTS

Each party shall bear their own costs.