NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**NANCY M. JONES,**
*Claimant-Appellant*

v.

**DAVID J. SHULKIN, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2017-1163

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 16-1460, Judge Margaret C. Bartley.

---

Decided: March 15, 2017

---

NANCY M. JONES, Wharton, NJ, pro se.

PETER ANTHONY GWYNNE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., SCOTT D. AUSTIN; BRIAN D. GRIFFIN, DEREK SCADDEN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before NEWMAN, TARANTO, and CHEN, *Circuit Judges*.

PER CURIAM.

Nancy M. Jones seeks review of an order that the United States Court of Appeals for Veterans Claims (Veterans Court) issued in *Jones v. McDonald*, No. 16-1460, 2016 WL 4709205 (Vet. App. Sept. 9, 2016). The order dismissed Jones's appeal as untimely. *Id.* at \*2. For the reasons below, we dismiss for lack of jurisdiction.

## BACKGROUND

Jones filed an untimely Notice of Appeal (NOA) from a decision by the Board of Veterans' Appeals (Board), which denied a service connection for certain physical and mental ailments complained of by Jones. Jones filed her NOA 38 days after expiration of the 120-day appeals period set by 38 U.S.C. § 7266(a). She had been hospitalized due to open heart surgery several weeks before the Board issued its decision, and she requested equitable tolling of the statutory period in light of physical and mental disabilities she suffered during her recovery.

The Veterans Court reviewed her request under the standard for equitable tolling set out in our cases. *See Toomer v. McDonald*, 783 F.3d 1229, 1238 (Fed. Cir. 2015) ("[T]o benefit from equitable tolling, a claimant must demonstrate three elements: (1) extraordinary circumstance; (2) due diligence; and (3) causation.") (internal brackets and ellipsis omitted) (quoting *Checo v. Shinseki*, 748 F.3d 1373, 1378 (Fed. Cir. 2014)); *Barrett v. Principi*, 363 F.3d 1316, 1321 (Fed. Cir. 2004) ("[T]o obtain the benefit of equitable tolling [when alleging a mental illness], a veteran must show that the failure to file was the direct result of a mental illness that rendered him incapable of rational thought or deliberate decision making . . . or incapable of handling his own affairs or unable

to function in society . . . .") (internal brackets, citations, and quotation marks omitted); *Arbas v. Nicholson*, 403 F.3d 1379, 1381 (Fed. Cir. 2005) (holding that, with respect to "physical illnesses," the Veterans Court "must focus on whether the particular infirmity of the veteran prevented him from engaging in 'rational thought or deliberate decision making' or rendered him 'incapable of handling [his] own affairs or unable to function [in] society'") (quoting *Barrett*, 363 F.3d at 1321).

Applying this law to the facts as alleged by Jones, the Veterans Court determined that Jones had not presented sufficient evidence to establish that her disabilities rendered her "incapable of rational thought or deliberate decision making, incapable of handling her own affairs, or unable to function in society for the period that she is seeking to toll." Resp't App. at 2. The Veterans Court therefore held that equitable tolling was not warranted and dismissed the appeal as untimely.

## DISCUSSION

"Our jurisdiction to review a judgment of the [Veterans Court], set forth in 38 U.S.C. § 7292, is highly circumscribed." *Leonard v. Gober*, 223 F.3d 1374, 1375 (Fed. Cir. 2000). Section 7292(a) permits a party to "obtain a review of the decision [of the Veterans Court] with respect to the validity of a decision of the Court on a rule of law or of any statute or regulation . . . or any interpretation thereof . . . that was relied on by the Court in making the decision." 38 U.S.C. § 7292(a). However, Section 7292(d)(2) prescribes that, "[e]xcept to the extent that an appeal . . . presents a constitutional issue, the Court of Appeals may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

Jones has not identified any constitutional issue and does not challenge any ruling by the Veterans Court with

respect to any particular rule of law or interpretation of any statute or regulation. Jones only challenges the Veterans Court's decision not to equitably toll the appeals period due to her physical and mental disabilities. As such, her appeal challenges only the application of the legal standard for equitable tolling to the facts of her case. Thus, her appeal falls squarely within the language of Section 7292(d)(2), which "expressly bars us from reviewing challenges to the application of law to the facts of a particular case." *Leonard*, 223 F.3d at 1376. We must therefore dismiss Jones's appeal for lack of subject matter jurisdiction. *See id.* (dismissing appeal that involved only "the application of the law of equitable tolling to the facts of the case" for lack of subject matter jurisdiction).

## CONCLUSION

Because we lack jurisdiction to consider Jones's arguments regarding the application of equitable tolling to the facts of her case, her appeal is

## **DISMISSED**

## COSTS

No Costs.