NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**BURL ANDERSON HOWELL,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2024-1153

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 23-1119, Judge Joseph L. Falvey, Jr.

_____

Decided: June 6, 2024

_____

BURL ANDERSON HOWELL, La Grange, NC, pro se.

LAUREL DON HAVENS, III, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., PATRICIA M. MCCARTHY.

_____

Before MOORE, *Chief Judge*, TARANTO, *Circuit Judge*, and CECCHI, *District Judge*.[1]

PER CURIAM.

Burl Anderson Howell served honorably in the United States Air Force from November 1970 to July 1971. In late 2013, acting on Mr. Howell's 2012 application, the Department of Veterans Affairs (VA) awarded him benefits for a service-connected disability (based on a knee condition) under 38 U.S.C. ch. 11 and a pension for a non-service-connected disability (based on schizophrenia) under 38 U.S.C. ch. 15. Mr. Howell then pursued additional relief through multiple appeals and remands.

On September 22, 2022, the Board of Veterans' Appeals denied his request for a total disability rating based on individual unemployability. The Board advised Mr. Howell that he had 120 days in which to file a notice of appeal to the Court of Appeals for Veterans Claims (Veterans Court). *See* 38 U.S.C. § 7266(a) (deadline for appeal). Mr. Howell filed an appeal, but not until February 26, 2023, which was 37 days after the deadline.

In a decision by a single judge, the Veterans Court dismissed Mr. Howell's appeal as untimely. *Howell v. McDonough*, No. 23-1119, 2023 WL 4571789, at *1, *3 (Vet. App. July 18, 2023). The court gave Mr. Howell several opportunities to demonstrate facts that would justify equitably tolling the filing deadline. *Id.* at *1–2. After considering Mr. Howell's responses, the court determined that he had not met the standards for equitable tolling because he had not demonstrated that he was abandoned by his attorney, that he had exercised due diligence in communicating with his attorney during the period he sought to be tolled,

---

[1]    Honorable Claire C. Cecchi, District Judge, United States District Court for the District of New Jersey, sitting by designation.

or that a knee surgery he underwent during that time had rendered him incapable of handling his affairs. *Id.* at \*2–3. After the single judge denied Mr. Howell's motion for reconsideration, Supplemental Appendix (SAppx)6–7, the Veterans Court granted Mr. Howell's subsequent motion for a panel decision and adopted the single-judge order as the decision of the panel, SAppx4–5.

Mr. Howell appeals the Veterans Court's dismissal. Congress has generally confined our authority to reviewing decisions by the Veterans Court on "relevant questions of law" and declared that we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case," unless that challenge "presents a constitutional issue." 38 U.S.C. § 7292(d); *see also* § 7292(a). We must dismiss Mr. Howell's appeal because it raises no issue within our limited jurisdiction.

Mr. Howell asserts that the Veterans Court's decision "involve[d] the validity or interpretation of a statute or regulation." Petitioner Informal Br. at 1.[2] He does not, however, identify a statute or regulation as to which the Veterans Court rendered an interpretation or validity decision that he is challenging in this appeal. *See* Petitioner Informal Br. at 5. Nor does the decision of the Veterans Court itself appear to interpret or consider the validity of any statute or regulation. *See Howell*, 2023 WL 4571789, at \*1–3. It merely considers whether Mr. Howell demonstrated the extraordinary circumstances required for equitably tolling under longstanding legal standards, themselves not challenged as legally incorrect. *Id.* at \*2 (relying on standards of, *e.g.*, *Barrett v. Principi*, 363 F.3d 1316, 1321 (Fed. Cir. 2004); *Arbas v. Nicholson*, 403 F.3d

---

[2]    All page citations to Mr. Howell's filings are to the page numbers inserted by this court's Electronic Case Filing (ECF) system.

1379, 1381 (Fed. Cir. 2005); *Dixon v. Shinseki*, 741 F.3d 1367, 1376 (Fed. Cir. 2014); *Sneed v. McDonald*, 819 F.3d 1347, 1351 (Fed. Cir. 2016)).  The application of those standards to the particular facts here is beyond our jurisdiction. *Dixon*, 741 F.3d at 1377–78.

Mr. Howell also argues that the Veterans Court violated his right to due process under the Fifth Amendment of the U.S. Constitution by failing to give sufficient consideration to VA records of a knee surgery he underwent during the appeals period, a surgery that he asserts interfered with his ability to file a notice of appeal.  Specifically, he argues that the Veterans Court was required to consider VA records of his surgery under *Lang v. Wilkie*.  Petitioner's Br. at 6 (citing 971 F.3d 1348 (Fed. Cir. 2020)).  In *Lang*, we remanded a veteran's disability claim for consideration by the Board of "new and material" evidence, which we held it was required to consider under 38 C.F.R. § 3.156(b).  971 F.3d at 1351, 1355.  Our decision concerned a regulatory requirement, which is not at issue here, governing certain information the Board had to consider on the merits; it was not a constitutional ruling concerned with records the Veterans Court has to consider in deciding on equitable tolling.  In any event, the Veterans Court did consider the evidence Mr. Howell submitted to it about his knee surgery, and it simply determined that he had not shown that the knee surgery justified his missing the filing deadline.  *Howell*, 2023 WL 4571789, at *1, *3.  Mr. Howell's *Lang*-based argument does not present a substantial issue of legal error under *Lang* itself or of constitutional error.

Finally, Mr. Howell argues that he was denied due process because the Veterans Court did not sufficiently take account of his diagnosis of schizophrenia in evaluating whether he exercised due diligence in contacting his attorney during the period for which he sought tolling.  But whether viewed as a constitutional or tolling matter, this argument based on insufficient consideration of

schizophrenia in relation to due diligence does not state an error within our authority to address. He did not make an argument explaining the effect of his schizophrenia on his diligence in the Veterans Court, so that court did not decide the issue, expressly or implicitly, that he now raises. Our authority is limited to review of grounds that, expressly or implicitly, were "relied on by the [Veterans] Court in making the decision" appealed. 38 U.S.C. § 7292(a); *see, e.g.*, *Scott v. McDonald*, 789 F.3d 1375, 1379–80 (Fed. Cir. 2015).

The government asserts, and the Veterans Court's opinion reflects, that Mr. Howell did not make a schizophrenia-based argument for tolling to the Veterans Court. Government's Informal Br. at 13 n.3. Mr. Howell has not said otherwise in this court, observing only that (as is undisputed) the Veterans Court well knew that he had schizophrenia. Petitioner's Reply Br. at 5–7. But Mr. Howell did not contend to the Veterans Court (and has not shown here) that the mere presence of schizophrenia, for everyone with the condition and the disability rating Mr. Howell has based on it, undermines the ability to exercise due diligence in meeting a deadline, including by adequately communicating with counsel. And it is uncontested that he likewise did not make the necessary particularized argument, or a showing to support such an argument, of the diligence-preventing effects of schizophrenia on himself—an argument that would have had to contend with the evidence of his activities in the period at issue indicating an ability to see to his affairs. *See Howell*, 2023 WL 4571789, at *3. In these circumstances, the Veterans Court decision on appeal did not rest on a ruling on the issue Mr. Howell now raises about the schizophrenia-diligence relationship, an issue he did not raise in that court and with respect to which the record on its face, even under a liberal construction, did not require the Veterans Court to make a determination sua sponte.

Because Mr. Howell's challenges to the Veterans Court's decision fall outside our limited jurisdiction, we must dismiss Mr. Howell's appeal.

The parties shall bear their own costs.

**DISMISSED**