## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LIN M. BYRD,
                    Appellant,

          v.

DEPARTMENT OF THE AIR FORCE,
                    Agency.

DOCKET NUMBER
SF-1221-20-0221-W-1

DATE: June 20, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Lin M. Byrd, Lompoc, California, pro se.

Kathryn Price, El Segundo, California, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal as untimely filed. On petition for review, the appellant reiterates her argument from below that her mental illness should warrant the application of equitable tolling to suspend the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

statutory filing deadline. Petition for Review (PFR) File, Tab 1 at 4-6. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the initial decision to provide further analysis on whether the appellant's mental illness is a basis for the equitable tolling of the statutory filing deadline, we AFFIRM the initial decision.

The administrative judge correctly found that the IRA appeal was untimely filed by 2 days. Initial Appeal File (IAF), Tab 10, Initial Decision (ID) at 5; *see* 5 U.S.C. § 1214(a)(3)(A); 5 C.F.R. § 1209.5(a). He correctly explained that, generally, equitable tolling may be applied to suspend the filing period for equitable reasons, such as when an appellant has been induced or tricked by her adversary's misconduct into allowing the deadline to pass, or when she filed a defective pleading during the statutory period. ID at 5 (citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990)); *see Heimberger v. Department of Commerce*, 121 M.S.P.R. 10, ¶ 10 (2014). We agree with the administrative judge's conclusion that the appellant's assertions concerning her mental illness and related symptoms do not meet either of those circumstances. ID at 5-6.

However, our reviewing court has stated that equitable tolling "is available in a variety of circumstances, including when a party has been mentally incapacitated." *Barrett v. Principi*, 363 F.3d 1316, 1318 (Fed. Cir. 2004). In *Barrett*, the court considered whether the filing deadline for an appeal of a final decision by the Board of Veterans' Appeals could be equitably tolled based on a claim of mental illness. *Id.* at 1317-21. It answered that question in the affirmative and concluded that, to obtain the benefit of equitable tolling based on a claim of mental illness, an appellant must show that the failure to timely file was the "direct result of a mental illness that rendered him incapable of 'rational thought or deliberate decision making,' [] or 'incapable of handling [his] own affairs or unable to function [in] society.'" *Id.* at 1321 (internal citations omitted). The court further stated that "a medical diagnosis alone or vague assertions of mental problems will not suffice." *Id.*

To the extent the deadline for filing an IRA appeal, as set forth in 5 U.S.C. § 1214(a)(3)(A) and 5 C.F.R. § 1209.5(a)(1), may be similarly equitably tolled based specifically on a claim of mental illness, we find that the appellant has failed to make the necessary showing under *Barrett* to apply the doctrine here. Although the appellant submitted into the record a letter from her treating physician stating that she suffers from bipolar disorder, severe anxiety, and panic attacks, which, he claims, "impair[ed] her ability to complete the appeal in a timely manner," the letter did not explain <u>how</u> such an impairment manifested. IAF, Tab 4 at 8. For example, the letter did not state that the appellant experienced a panic or anxiety attack on a specific date or dates within the timeframe during which the appellant was required to file her appeal, nor did it explain what specific symptoms the appellant exhibited and when, or how those

specific symptoms kept the appellant from filing within the required time frame.[2] *Id.*

Further, the appellant's own statements belie her claim that her mental illness prevented her from filing her appeal on time. As noted by the administrative judge, the appellant referred to herself as a "mature person" who could work in her position as a Contracting Specialist. ID at 5; IAF, Tab 1 at 19. Moreover, the appellant claimed that she was "shocked to read" that her appeal was untimely filed by 2 days because she "had counted the days" when she first received the notice and "thought [the appeal] was due [January] 28th." IAF, Tab 4 at 4. Although she claims that extreme stress may have caused her to "remember incorrectly," she nonetheless admits that her late filing was due to an error in calculation. *Id.* Based on the foregoing, we supplement the initial decision to find that the appellant failed to show that her failure to timely file her appeal was the direct result of a mental illness that rendered her incapable of rational thought or deliberate decision making, or incapable of handling her own affairs or unable to function in society. *See Barrett*, 363 F.3d at 1318. Accordingly, we agree with the administrative judge's ultimate conclusion that the appellant has failed to prove that the statutory filing deadline should be equitably tolled in this case, and we affirm his dismissal of this case as untimely filed.

---

[2] The note from the appellant's physician is particularly brief—less than 100 words long—and does not include any supporting medical evidence such as clinical notes or test results. IAF, Tab 4 at 8. The note also does not indicate when the physician last saw the appellant or if that visit was during or around the time of the filing period at issue here, nor does it state what the appellant's specific medical state was at the time of her most recent visit. *Id.*

# NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:          *Gina K. Grippando*
                        _____
                        Gina K. Grippando
                        Clerk of the Board

Washington, D.C.