NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**FRANK MORENO, JR.,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2012-7149

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 09-0279, Judge Alan G. Lance, Sr.

---

Decided: July 16, 2013

---

FRANK MORENO, JR., of Fort Lauderdale, Florida, pro se.

J. HUNTER BENNETT, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and TODD M. HUGHES, Deputy Director. Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, and AMANDA R. BLACKMON, Attorney,

United States Department of Veterans Affairs, of Washington, DC.

————————————

Before LOURIE, SCHALL, and REYNA, *Circuit Judges.*

PER CURIAM.

Frank Moreno, Jr., appeals *pro se* from the decision of the United States Court of Appeals for Veterans Claims (the "Veterans Court") denying his motion to recall the mandate and set aside the judgment of the Board of Veterans' Appeals ("Board") because Moreno failed to appeal from the decision of the Board within the 120-day period required by 38 U.S.C. § 7266(a) and did not demonstrate any circumstance that would warrant tolling of that time period. *Moreno v. Shineski*, No. 09-279, 2012 WL 1402999 (Vet. App. Apr. 24, 2012) ("*Moreno II*"). Because Moreno raises only issues beyond our jurisdiction, we *dismiss*.

## BACKGROUND

On January 30, 2008, the Board denied Moreno's claims seeking veteran's benefits for a hernia, a psychiatric disorder, and a cardiovascular disorder, and determined that Moreno had not presented new and material evidence to warrant reopening a prior claim. The Board, however, remanded his claim relating to hypertrophy of the right eye for further development. That decision was accompanied by a VA Form 4596 entitled "Your Rights to Appeal Our Decision," which, in part, detailed the 120-day time limit for appealing to the Veterans Court or moving for reconsideration at the Board.

Moreno filed a motion for reconsideration on August 6, 2008, more than 120 days after the Board mailed its decision to Moreno. Additional requests were filed later. The Board denied his motions as untimely. Moreno then appealed to the Veterans Court.

The Secretary filed a motion to dismiss the appeal as untimely. In response, Moreno argued that he had filed an appeal or motion for reconsideration within the 120-day time limit to the Board or the Department of Veterans Affairs ("VA") regional office. The Veterans Court ordered the Secretary to file a response. The Secretary asserted that the RO had never received such a motion and that the first motion for reconsideration received by the Board was Moreno's August 6, 2008, motion, which was outside the 120-day time limit. As a result, the Veterans Court dismissed Moreno's appeal as untimely. *Moreno v. Shinseki*, No. 09-0279, 2009 WL 2174985 (Vet. App. Jul. 22, 2009) (*"Moreno I"*).

In light of the Supreme Court's decision, *Henderson v. Shinseki*, 131 S.Ct. 1197 (2011), which held that the 120-day time period for filing a notice of appeal under § 7266(a) is not jurisdictional, and the Veterans Court's decision in *Bove v. Shinseki*, 25 Vet. App. 136, 140 (2011), which held that the 120-day appeal period is subject to equitable tolling, the Veterans Court issued a miscellaneous order affecting multiple veterans, stating that it would consider motions to recall the mandate in various cases to consider equitable tolling.

Moreno then filed such a motion to recall the mandate, arguing that the delay in filing was because he had become legally blind between the middle of 2007 and the middle of 2008 and could not pursue his appeal until he received "the appropriate equipment" from the VA.

The Veterans Court, relying on *Arbas v. Nicholson*, 403 F.3d 1379, 1381 (Fed. Cir. 2005), then held that Moreno's blindness did not warrant equitable tolling of the 120-day time limit for filing an appeal under § 7266(a). *Moreno II*, 2012 WL 1402999, at *2. This appeal followed.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. 38 U.S.C. § 7292. We "have

exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof [by the Veterans Court] . . . and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." *Id.* § 7292(c). We may not, however, absent a constitutional challenge, "review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2). We therefore generally lack jurisdiction to review challenges to the Board's factual determinations. *See, e.g.*, *Johnson v. Derwinski*, 949 F.2d 394, 395 (Fed. Cir. 1991).

Moreno's informal briefing does not directly challenge the Veterans Court's decision on Moreno's motion to recall the mandate. His briefing does, however, mention his blindness and the letters allegedly filed with the Board and VA to appeal from the January 30, 2008, denial. He also argues that he had underlying psychological impairments apparently related to his blindness during that period.

Notwithstanding these arguments, however, Moreno has not identified any statute or regulation that he believes the Veterans Court misinterpreted or that he believes is invalid. Nor has he raised any specific constitutional issues that he is challenging on appeal.

Moreno merely challenges the factual findings and the weight accorded the evidence in the record with regard to the Veterans Court's decision on equitable tolling. *See Bailey v. Principi*, 351 F.3d 1381, 1384 (Fed. Cir. 2003) ("[W]hether equitable tolling applies in a particular case often involves, in part, the application of law to fact . . . ."). The Veterans Court made factual determinations that Moreno failed to establish that he was entitled to equitable tolling of the 120-day time period because he had not "presented any argument that his blindness prevented him from engaging in rational though[t] or deliberate decision making or that it rendered him incapable of handling his own affairs or unable to function in

society." *Moreno II,* 2012 WL 1402999, at *2 (citing *Arbas*, 403 F.3d at 1381). Prior to its consideration of the motion to recall the mandate, the Veterans Court also made a factual determination that Moreno had not filed a motion for reconsideration by the Board by the 120-day time period to preserve his right to appeal. *Moreno I*, 2009 WL 2174985, at *1. We do not have jurisdiction to review those factual determinations and the application of the law to the facts unless it presents a constitutional issue, of which none is presented here.[1] 38 U.S.C. § 7292(d)(2); *Jackson v. Shinseki*, 587 F.3d 1106, 1109 (Fed. Cir. 2009).

Moreno's briefing also discusses his underlying claims of entitlement to disability compensation, namely, the existence of medical records that were either not considered or that the VA failed to obtain. The Veterans Court did not address those arguments, as they were not at issue in the motion to recall the mandate, and thus did not make a decision that would grant us jurisdiction over those issues under 38 U.S.C. § 7292(a).

We have considered Moreno's remaining arguments and conclude that they are without merit. Accordingly, we *dismiss* Moreno's appeal for lack of jurisdiction.

**DISMISSED**

---

[1] The opinion of the Veterans Court concludes with the following statement: "Rather, his only assertion is that he is legally blind, an impairment that does not rise to the level of incapacitation for which equitable tolling would be warranted." *Moreno II*, 2012 WL 1402999, at *2. In view of the court's finding that Moreno failed to present evidence "that his blindness prevented him from engaging in rational though[t] or deliberate decision making or that it rendered him incapable of handling in own affairs or unable to function in society," *id.*, we view that statement as overly broad and *dictum*.

COSTS

No costs.