NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PAUL WRIGHT,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2023-1360

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-8732, Judge Michael P. Allen.

---

Decided:  December 8, 2023

---

PAUL WRIGHT, Marietta, SC, pro se.

JANA MOSES, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY.

---

Before PROST, TARANTO, and HUGHES, *Circuit Judges.*

PER CURIAM.

Paul Wright appeals from a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") denying his motion to recall the mandate and judgment of an earlier Veterans Court decision. For the reasons below, we dismiss.

BACKGROUND

In 2015, Mr. Wright first sought service-connected benefits for melanoma. Following a series of adverse decisions and corresponding appeals from Mr. Wright, the Board of Veterans' Appeals ("Board") made a determination of no service connection on February 7, 2020. S.A. 36.[1]

Mr. Wright timely appealed that 2020 Board decision to the Veterans Court. The Secretary of Veterans Affairs ("Secretary") responded by "conced[ing] that the Board did not provide an adequate statement of its reasons or bases for denying [Mr. Wright's] claim" and contending that the Veterans Court should remand. S.A. 36. Mr. Wright argued that the Veterans Court should reverse and award service connection instead of remanding to the Board. S.A. 38. The Veterans Court set aside the Board decision and remanded for further consideration of Mr. Wright's claim. S.A. 36–40 ("*Single-Judge Remand Decision*"). Specifically, the Veterans Court concluded that a remand was appropriate because the Board failed to consider Mr. Wright's argument that his service exposure to ionizing radiation put him at a higher risk for developing melanoma from his service exposure to UV radiation. The Veterans Court determined that because "[t]he Board did not address appellant's arguments . . . , it never weighed the evidence" and that a remand was required for the

---

[1]    S.A. refers to the appendix submitted with the government's informal response brief.

Board to make necessary factfindings in the first instance. S.A. 38.

Mr. Wright filed a timely motion for reconsideration or, in the alternative, a panel decision. S.A. 20–35. On September 7, 2021, the Veterans Court granted the request for a panel decision, denied reconsideration, and adopted the single-judge decision as the decision of the panel. S.A. 18–19 ("*Panel Remand Decision*"). Judgment was entered on September 29, 2021, and the mandate issued on November 30, 2021. S.A. 16–17.

Almost a year after the mandate issued, on November 22, 2022, Mr. Wright filed a "petition to vacate remand, and for statutory relief under 38 U.S.C. § 7261(a)," which the Veterans Court construed as a motion to recall the mandate and judgment.[2] *See* S.A. 8–15; S.A. 5. On December 22, 2022, the Veterans Court denied the motion, concluding that Mr. Wright had "not demonstrated good cause or alleged unusual circumstances to recall [the] mandate" and that its "single-judge decision and the panel's order affirming the single-judge decision were both within [its] normal practice and supported by caselaw." S.A. 5–6 ("*Recall Decision*").

Mr. Wright filed an appeal on December 28, 2022. ECF No. 1-2 at 1. As it pertains to the *Recall Decision*, Mr. Wright's appeal was timely filed. However, to the extent Mr. Wright is challenging the *Panel Remand Decision*,

---

[2]    Initially, the Veterans Court had docketed Mr. Wright's filing as a separate mandamus petition. However, after Mr. Wright explained that his filing was intended for the same docket number as the *Panel Remand Decision*, the filing was construed as a motion to recall the mandate and judgment. S.A. 5–6. Mr. Wright does not argue that the Veterans Court should have treated his filing as a mandamus petition.

that appeal is out of time.  Our jurisdiction is analyzed under 38 U.S.C. § 7292.

## DISCUSSION

Our review of Veterans Court decisions is limited.  We lack jurisdiction to "review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case" unless presented with a constitutional issue.  38 U.S.C. § 7292(d)(2).  However, we have "jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof . . . , and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." *Id.* § 7292(c).  Our review of the Veterans Court's decision on a motion for recall is subject to these same jurisdictional constraints.  *See Moreno v. Shinseki*, 527 F. App'x 962, 964–65 (Fed. Cir. 2013) (nonprecedential) (dismissing for lack of jurisdiction).

First, it is unclear to what extent this appeal centers around an untimely challenge to the merits of the *Panel Remand Decision*.  For example, Mr. Wright's notice of appeal stated that it was seeking review of a December 22, 2022 decision, which is the date of the *Recall Decision*.  ECF No. 1-2 at 1.  However, the *Single-Judge Remand Decision*, dated July 30, 2021, and adopted by the panel on September 7, 2021, was attached to the notice of appeal.  *Id.* at 5–10.  In response to the government's motion to dismiss, ECF No. 6, Mr. Wright contended that "[t]he July 2021 remand order is not on appeal" and that "[t]he decision on appeal is the December 2022 order."  ECF No. 8 at 1–2.  Still, Mr. Wright's arguments appear primarily focused on challenging the merits of the *Panel Remand Decision*.  Further, in his reply, Mr. Wright stated that he "did not invoke 38 U.S.C. § 7292(e) appellate review of that [remand] (or any other decision)" and seems to contend that he does not seek review of the December 2022 order either.  Appellant's Informal Reply Br. 1.

To the extent Mr. Wright's appeal does seek review of the *Panel Remand Decision*, we dismiss for lack of jurisdiction. *See* 38 U.S.C. § 7292(a) ("[R]eview shall be obtained by filing a notice of appeal with the [Veterans Court] within the time and in the manner prescribed for appeal to United States courts of appeals from United States district courts."); 28 U.S.C. § 2107(b) (providing a 60-day time limit to appeal when one of the parties is the United States); *Fedora v. MSPB*, 848 F.3d 1013, 1016 (Fed. Cir. 2017) ("[A]ppeal periods to Article III courts are jurisdictional."). Judgment was entered on the *Panel Remand Decision* on September 29, 2021, S.A. 17, and Mr. Wright did not file the present notice of appeal until December 28, 2022, ECF No. 1-2. Thus, any appeal of that decision is dismissed as untimely.

Turning to the Veterans Court's *Recall Decision*, Mr. Wright's notice of appeal was timely filed as it relates to that decision. However, dismissal is appropriate here too because Mr. Wright's challenge does not raise legal issues within our jurisdiction.

One of Mr. Wright's primary arguments seems to be that the Secretary lacked jurisdiction to deny him benefits under 38 U.S.C. § 511(a). First, to the extent this contention challenges the merits of the Veterans Court's *Panel Remand Decision*, it is untimely, as discussed above. To the extent the argument relates to the *Recall Decision*, it is underdeveloped and outside our jurisdiction. The *Recall Decision* does not mention § 511(a), nor does Mr. Wright argue that the decision necessarily implicates an interpretation of § 511(a). In fact, aside from contending that it affords him benefits, Mr. Wright has not presented—here or in his petition for recall at the Veterans Court—any proposed interpretation of § 511(a) that bears on this case. Thus, to the extent § 511(a) was implicated by the *Recall Decision* at all, Mr. Wright's arguments challenge only the application of settled law to the facts of this case.

Next, Mr. Wright argues that under 38 U.S.C. § 7252(a) the Veterans Court lacked jurisdiction to remand to the Board. Section 7252(a) provides:

> The Court of Appeals for Veterans Claims shall have exclusive jurisdiction to review decisions of the Board of Veterans' Appeals. The Secretary may not seek review of any such decision. The Court shall have power to affirm, modify, or reverse a decision of the Board or to remand the matter, as appropriate.

Mr. Wright also made this argument to the Veterans Court in his "petition to vacate remand, and for statutory relief under 38 U.S.C. § 7261(a)," S.A. 13–14, but the court concluded that the "single-judge decision and the panel's order affirming the single-judge decision were both within [its] normal practice and supported by caselaw," S.A. 6. The crux of Mr. Wright's argument seems to be that the Veterans Court was not permitted to remand here at least in part because the Secretary argued that a remand was the appropriate remedy. We understand this argument to present a challenge to the application of law to the facts of this case. Instead of presenting a legal argument about § 7252(a) or any Veterans Court interpretation of it, Mr. Wright's arguments invite us to look to the particular circumstances here and find that remand was inappropriate.[3]

Finally, although Mr. Wright's response to the government's motion to dismiss stated that "[t]he decision on

---

[3]    Mr. Wright also contends that the § 511(a) and § 7252(a) issues presented are "inherently constitutional." Appellant's Informal Br. 12. Because mere characterization of an issue as constitutional is insufficient to confer jurisdiction, this argument does not alter our analysis. *See Flores v. Nicholson*, 476 F.3d 1379, 1382 (Fed. Cir. 2007).

appeal is the December 2022 order," ECF No. 8 at 1–2, in other places his briefing seems to suggest that he intends to present a freestanding challenge, untethered to any specific decision of the Veterans Court, *see* Appellant's Informal Reply Br. 1–3, 3 n.1.  Because this court's jurisdiction over appeals from the Veterans Court extends only to decisions of that court, *see* 38 U.S.C. § 7292(a), we also dismiss Mr. Wright's appeal to the extent it presents a general challenge to the proceedings below.

## CONCLUSION

We have considered Mr. Wright's remaining arguments in his briefing and his memorandum in lieu of oral argument, ECF No. 30, and find them unpersuasive.  Because this appeal raises no issues within our limited jurisdiction, we dismiss.[4]

## DISMISSED

### COSTS

No costs.

---

[4]    Mr. Wright has also filed a motion for sanctions. ECF No. 29.  We have also considered that motion and deny it.